IN THE DISTRICT COURT IF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Willie Lee White, #140147

    Plaintiff,                                   *

Vs.                                                      *   **Civil No: 2:07-CV-1080-MHT**

Alabama Board of Pardons                  *
And Paroles, et. al.,
                                        *
    Defendants.
                                        *

## MOTION TO COMPEL DISCOVERY

COMES NOW Plaintiff Willie Lee White (hereinafter "WHITE") and moves this Honorable to *Grant* the above as follows:

§ 1.   White respectfully requests pursuant to liberal discovery –Rule 26 et. seq., that the Alabama Pardon & Paroles (Board) forward, produce or otherwise provide White with copies of both (i) its amended Articles No. #1 through No. #17 as were utilized to "unconstitutionally deny White –as alleged" in the §1983 COMPLAINT," and (ii) the guidelines 640-X-2.01 through 640-X-3-.11 which should have utilized in the March 2006 parole denial –inapposite to the U.S. Supreme Court, that were in effect at the time of White's conviction / sentence in 1992 that the Board's findings remain inapposite to the holding in *Greenholtz v. Nebraska*, 442 U.S. 1 –as asserted in White's §1983 grounds 1 –3 (Due Process & Equal Protection violations usurping the Fourteenth Amendment).

§ 2.   White maintains in order to accord "comity" with this Court's ORDER 12/14/07 as regards to compliance with paragraphs 2 through 5, that until and upon receipt of a *"replete copy of the aforementioned policies in question,"* which remain underpinned by paragraph 1's -disclosure, discovery that White's fundamental hands,

will be foreclosed causing undue prejudice to obediently conform, prior to January 7, 2008 *"absent first allowing White,"* to point specifically as requested by this Court to such *"policies,"* and likewise ordered White to: *"identify the unconstitutional[ity]; describe how the parole board members conspired –a factual basis for the retroactive, discriminatory parole procedures,"* **Id at ¶¶ 1 through 5**. (Courts 12/14/07 –ORDER).

§ 3.   White maintains, as adopted in the attached motion styled: *"Request For Limited Discovery Affording Plaintiff White Sufficient Cause To Effectuate Compliance With Order,"* filed as a companion herein, that the aforesaid documents or items are in the possession of the Defendants as a whole –overall the Board specifically, remain available to the Defendant State agents –whom acted under color of State law and are favorable to White regarding the limited grounds before this Court towards *identifying* the unconstitutionality as-applied to White's 2006 denial.

§ 4.   White cannot comply without production of said documents (*policies)* and in their absence will deny due process of law as guaranteed by the Fifth Amendment, of the Constitution of the United States of America made applicable to the States by the Fourteenth Amendment to the Constitution of the United States Constitution.

§ 5.   White maintains that without the production of the documents and items reference to above, as a plaintiff White will not be able to effectively prosecute the civil tort violations, nor properly present to this Court the crux or proximate cause of specific damaged in the above-styled case; absent discovery, disclosure and thus; White will be denied the right to due process which is guaranteed under the provision of **Article I, Sections I** {Life, Liberty, and the pursuit of happiness}, **X** {Civil proceeding}, **XIII** {Courts to be open; remedies by due process for injuries; administration of justice}, **XXXVI** {Impairment of rights prohibited}, of the Alabama Constitution and the Fifth

2

Amendment of the United States Constitution made applicable to the States through the due process clause of Fourteenth Amendment of the United States Constitution.

Further, said production must be without delay so as to allow adequate time to fully comply as mandated by this respectful court. Delay in production will result in denial of Plaintiff White's Constitutional rights to a fundamental fairness, due process of law and right to equal protection of law.

WHEREFORE, White prays for the following relief:

a. That the Board be required to produce all documents and other evidence referred to above promptly.
b. Without waiving the right to first examine said documents, and articles (*policies*) -relevant to answering this Court's order 12/14/07 ¶¶ 1 –5, the production of first said documents, and articles, which the Court determines to be favorable to the disposition of the case, White cannot be effectuate compliance absent receipt of said *policies* first.
c. That if any part of said documentary evidence is not made available to the Plaintiff's –as deemed necessary by this Court prior to enforcement of White's failure to otherwise answer timely (01/07/08), at no fault of his own volition then without waiving the right to production of said evidence prior to such time, White respectfully moves for an ORDER directing that an ALTERNATIVE be submitted to parties, absent said evidentiary materials, and that a continuation be issued, until the introduction at a later stage may otherwise be a more appropriate forum without the express consent of White, because White needs to *identify* the policy –which he needs to quote to both, this Court and allow Defendants as a whole review.
d. Without waiving the foregoing, White requests that an exact copy be made of each item which is tentatively produced, forwarded, by the Defendants supplied to this Court, and if said same is not provided White -that said same be sealed and included for the record of this case for the purpose of insuring effective review of the Court's denial of White's request for its disclosure.
e. That the duty of the Defendants to disclose pursuant to this motion be considered as continuing up until and through responsive pleadings, special reports, and per se jury trial, as demanded and post-judgment proceedings.

Respectfully submitted,

*[signature]*
Willie Lee White #140147
Acting in pro per

_____END of Discovery motion:

\*\*\*\*\*\*\*\*\*\*

## FURTHER RELIEF AS TO WHITE'S MOTION TO COMPEL

As a Plaintiff, in a pending §1983 civil action White having duly demanded of the Defendants on this December 20, 2007 for production of said specific *policies in question* or copies of certain items in Defendants possession, custody or control of both the State, and the Board, to comply with the demand, now, in accord with Rule 26, Fed.R.Civ.P., requests that this Court issue an ORDER requiring the Defendants to **first** produce and permit White to inspect upon replete review of both *policies* for discrepancies, therein, and thence allow White to *identify* thereinafter the unconstitutionality which remains the proximate cause to injury, damage to White's 2006 Parole hearing, inapposite to State Law in violation of Federal Constitutional rights enjoined White.

1. For an ORDER prohibiting the {Defendants} from introducing at a[ny] subsequent pleading in this cause in relationship to a[ny] other material evidentiary documents to "*foreclose White's grounds, as relevant to the policies*" not disclosed pursuant to the demand herewith;

2. For an ORDER demanding a[ny] written or recorded statements made by the {Defendants} to any **lawful** judicial – administrative agency, officer, official or employees, or to the Board, relevant to the subject matter at hand, as promulgated by State statute;

3. The substance of a[ny] oral, written statements made by the {Defendants} before, after, during the Board's discretionary review,

4

for Parole to any **lawful** judicial –administrative agency, officer, official or employees, to the Board, or otherwise in respect to the Parole hearing, relevant to the subject matter at hand, as promulgated by State statute;

4.      Any written or recorded statements which the {Defendants} intend to adversely proffer into evidence at subsequent pleadings if any, to a[ny] **lawful** judicial –administrative agency, officer, official or employees, or to the Board which are within possession, custody or control of {Defendants}, as promulgated by State statute;

Done so this December 20, 2007.

                                    Respectfully submitted,

                                    *[signature]*
                                    Willie Lee White, #140147
                                    Acting in pro per
                                    Limestone Corrections Facility
                                    28779 Nick Davis Road
                                    Harvest, Alabama 35749-7009

5