IN THE DISTRICT COURT IF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Willie Lee White, #140147

    Plaintiff,

Vs.                                              Civil No: 2:07-CV-1080-MHT

Alabama Board of Pardons
And Paroles, et. al.,

    Defendants.

## REQUEST FOR LIMITED DISCOVERY AFFORDING PLAINTIFF WHITE SUFFICIENT CAUSE TO EFFECTUATE COMPLIANCE WITH ORDER

COMES NOW WILLIE LEE WHITE (hereinafter "White") and moves this Court to **GRANT** the above styled cause of action, permitting fundamental fairness, due process within the strictures of Rules 26, and 8(a), Federal Rules of Civil Procedure, as follows:

§ 1. With all due respects to both, this Court and the Federal Rules of Procedures, in regards to White's instant §1983 Complaint (Doc. #1), White maintains that he is not seeking monetary damages from a[ny] of the Defendants, and that relief sought remains *prospective* at best, the *injunctive* relief sought seeks simply to enjoin a[ny] constitutional officer's, and other named defendants from usurpation of statutory mandates.

§ 2. Although White was not able to differentiate from a liberal reading of this Court's December 14, 2007 ORDER (*"requiring plaintiff file an amendment to his complaint"*), *granting* unto White, until January 7th, 2008 to amend Doc. #1, per se maybe interpreting that White's §1983 complaint was either deficient, or somewhat incomprehensible for the defendants to have "framed their responsive pleadings," as

expected by Federal procedural rules, allowing defendants, to then, seek, if (Defendants) desired, to file for a more definite statement under Rule 12(e), Fed.R.Civ.P.   Absent limited DISCOVERY White may not, at this early stage be able to fully comply with this Court's command, primarily because Grounds 1, and 2 and part of 3 specifically asserted, *inter alia*, that Defendants as a whole, separately –collectively are **contravening** the Board's "rules, regulations, procedures . . ." (Doc. #1).   Those   *"questioned policies,"* remain directly relevant to the instant action -none of which White has a complete set of, inapposite to this Court's ORDER directing White to **first** *"identify the unconstitutional policy . . ."* i.e., the Board's <u>Articles One through Articles Seventeen</u> – which came into existence sometime on, or after 2002 [?] remain the proximate cause of White's accrued 2006 actions against the Defendants, to those which were in effect when White was convicted / sentenced; i.e., the Board's <u>640-X-2.01 through 640-X-3-.11</u> (inclusive to said attached forms) challenged.

§ 3.   Nevertheless, White does not say the opposite to this Court acting *sua sponte* as promulgated within its inherent authority, see *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996), but for White's three (3) succinct grounds, coupled with supporting facts, White feels Doc. # 1 remained sufficient for the defendants to formulate a responsive pleading, being that since the defendants are not necessarily entitled to "qualified immunity" under the facts, circumstances herein, thus the "heightened" pleading requirement is not applicable at this stage.   The Supreme Court decision in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993) –reasoned, although the court did not "consider whether [its] qualified immunity jurisprudence would require a heightened pleading in cases involving individual government officials," the panel further observed and agreed, that nothing in

2

*Leatherman* disturbed the holding in *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985), that complaints in such cases be pled with "factual detail and particularity." **Id.** Rule 8(a)'s simplified notice pleading relies on liberal discovery. *Cobb v. Marshall* 2007 U.S. LEXIS 21571; *Hall v. Infirmary Health Sys.*, 2007 U.S. Dist. LEXIS 18104.  In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), the Supreme Court has mandated a liberal pleading standard for civil complaints under Federal Rule of Civil Procedure 8(a).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint's statement of a claim must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. This liberal and simplified "notice pleading" standard-which was adopted to focus litigation on the merits of a claim and which applies to all civil actions, with limited exceptions-relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. In addition, if a pleading fails to specify the allegations in a manner that provides sufficient notice, then a defendant can move for a more definite statement, under Rule 12(e) of the Federal Rules of Civil Procedure, before responding.

§ 4. In the likelihood that this Court finds White's previous §1983 inappropriate upon clarification, as argued, above, either being deficient -to "give fair notice of what plaintiff's claim is and the grounds which it rests." *Conley v. Gibson*, 355 U.S. 41 (1957) - then White requests for an enlargement of time, upon issue of an instanter ORDER from this Court for the above two "regulations, rules, polices" by the Board, governing Defendants act, omissions and outright flagrant conduct be supplied White so compliance upon replete review thereinafter can be effectuated.

Done so this December 20, 2007.

Respectfully Submitted,

_____
Willie Lee White #140147

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day, placed said same Request for Limited Discovery Affording Plaintiff White Sufficient Cause to Effectuate Compliance With Order In the U.S. mailbox properly addressed to Honorable Debra Hackett, Post Office Box# 711, Montgomery, Alabama 36101-0711

Done so this December 20, 2007.

Respectfully submitted,

_____
Willie Lee White, #140147
Limestone Corrections Facility
28779 Nick Davis Road
Harvest, Alabama 35749-7009

4

WILLIE LEE WHITE, #140147
LIMESTONE C.F. DORM -C
28779 NICK DAVIS ROAD
HARVEST, ALABAMA 35749-7009

This correspondence is forwarded from an Alabama State Prision. The contents have not been evaluated, and the Alabama Department of Corrections in not responsible for the substance or content of the enclosed communication.



USA 41

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
P.O. BOX 711
MONTGOMERY, ALABAMA 36101-0711

**LEGAL MAIL**