IN THE DISTRICT COURT IF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Willie Lee White,                    *

        Plaintiff,                    *

Vs.                                  *  **Civil No: 2:07-CV-1080-MHT**

Alabama Board of Pardons             *
And Paroles, et. al.,
                                     *
        Defendants.
                                     *

## <u>AMENDMENT TO 42 U.S.C. §1983 COMPLAINT</u>

COMES  NOW  Willie  Lee  White  (hereinafter  ""White")  in

reference to the above styled cause of action (42 U.S.C. §1983)

moves this Court to accept, and grant the foregoing Court ORDERED

amendment, as follows:

¶ I:

As Court ordered on December 7th 2008 *"file an amendment to his

complaint on or before January 22nd 2008* -which:

> `1. Identifies the unconstitutional *policy **he alleges***
>    the defendants utilized in the denial of **his**
>    *parole.'"*;

§ 1.      First and foremost White adamantly objects to this

Courts' subjective *inference* to separating the auspice of the

original complaint into, per se, a singular occurrence as though

the Alabama Pardon & Paroles (hereinafter "Board") is just doing

what was asserted as White's **Ground One** only to White, White

maintains herein that most of, if not all of the Defendants'

demonstrative unconstitutionalities would have been revealed,

moreover, coming through the "limited discovery White requested" on December 20th· 2007, all of which this Court denied; nevertheless without waiving said right to object -preserve said discovery denial for the District Judge's opinion under this Circuits holdings, White maintains his claim(s) and facts remain alive, as asserted in the initial §1983 complaint under Rule 8, Fed.R.Civ.P., that such were, in fact, sufficient to allow the "specific named Defendants" to plead a[ny] defense, however, given that, White asserts, maintains that the Board is statistically speaking merely issuing pretextual "reasons" at best for blanket styled denials in Alabama -inapposite to both: "Wilkinson v. Dotson, 544 U.S. 74 (2005) and Greenholtz v. Inmates of Nebraska, 442 U.S. 1 (1979)," and State law doctrines, as-applied to White and other similar situated inmates, whereupon the foregoing facts will predicate, under the penalty of perjury, before this Court, now ripe for judicial review; that the Board is acting, both *arbitrarily and capriciously* in **excess of jurisdictional authority**, by not exercising its Legislative authority within its discretion, those that were in existence at the time of White's conviction / sentence.

(a)    Alabama law -inapposite to Federally protected rights under the U.S. Constitution remain ripe for plenary review, relief -because the State fails to adequately provide due

2

process. Alabama refuses to otherwise provide its inmates -but more so White with a constitutional built in procedural safeguard, either in its statutory or administrative procedures of effecting the deprivation suffered herein, and also, furthermore White maintains that Alabama State law does not adequately provide constitutional remedies for the Defendants erroneous, arbitrary, capricious deprivations provided by statute or tort law.

Currently, Alabama law does not satisfy its procedural due process obligations by providing inmates -nor White with a[ny] adequate post-deprivation remedy for his 2006 denial of discretionary parole.

Strict proof is afforded this Court's instant juridical eye for scrutiny at this level, prior to service, of current ongoing -continuing State law violations, whereas Alabama law holds (1) the decisions to deny parole is not reviewable, examples:

> a). §15-22-24(a), the Board of Pardon & Paroles hereinafter referred to as 'the board,' shall be charged with the duty of determining what prisoners serving sentences in the jails and prisons of the State of Alabama may be released on parole and when and under what conditions."

> b). §15-22-26, No prisoner shall be released on parole merely as a reward for good conduct of efficient performance of duties assigned in prison, but only if the Board of Pardon and paroles is of the opinion that there is a reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law and that

> his release is not incompatible with the
> welfare of society."

Thus, Alabama courts hold: "that decisions that are totally discretionary are not reviewable on appeal, a[ny] decisions as a matter of grace, or privilege –rather than a right remains entirely discretionary and not reviewable on appeal." *See, e.g., Thompson v Bd. of Pardon & Paroles*, 806 So.2d 374, 375 (Ala. 2001); *Graves v. Alabama Bd. of pardon & Paroles,* 845 So.2d 1, 2002, Ala. LEXIS 92; *Strong v. Alabama Bd. of pardon & Paroles,* 859 So.2d 1201, 2001 Ala.Crim.App. LEXIS 303; *Tucker v. Alabama Bd. of Pardon & Paroles*, 781 So.2d 358 (Ala.Crim.App. 1996; and *Sloan v. Alabama Bd. of Pardon & Paroles*, 647 So.2d. 85 (Ala.Crim.App. 1994); *Henley v. Alabama Bd. of Pardon & Paroles*, 849 So.2d 255); *Ensensoy v. Bd. of Pardon & Paroles*, 793 So.2d 774, *inter alia*. Although Alabama State law provides procedural due process protections for the Board's "revocation of parole" by means of certiorari petitions, pursuant to §12-3-9, Code of Alabama, 1975, no equal protection or due process protections are currently in place to provide an adequate post-deprivation remedy for White or other similar likened inmates **denied parole.**

§ 2.      White asserts, discloses that the Defendants common thread of reliance remains politically motivated solely based upon improper grounds and belated facts of societal thoughts, and adverse information, data, notes, letters placed into his ADOC file by Defendant Harris, *inter alia*, and subsequently reviewed

by the Board prior to parole review, however inept that may
otherwise seem, such remains in conflict with U.S. Constitution,
and State law whereas: "[*Alabama's state statutory rehabilitation
criteria §15-22-26* "Standard for release of prisoners on
parole]," holds: "*if the Board of Pardons & Paroles is of the
opinion that there is reasonable probability that, if such
prisoner is released, he will live and remain at liberty without
violating the law and this his release is not incompatible with
the welfare of society . . . .*" **Id.**

Simply put -your Honor: "The Board's new promulgated policy
(hereinafter "Articles") violate the Fundamental Due Process
Clause of the Federal Constitution's Fourteenth Amendment, as
amended, years after White's conviction / sentencing and years
after White's previous *initial expectation of his future right to
be freely, fairly reviewed for the prospect to parole*, inapposite
to the Board's policy predecessor (hereinafter "640-X-2, and 64-
X-3) in effect at the time White received his guideline set up,
for potential parole consideration, for which White, now seeks
§1983 prospective declaratory and injunctive relief for future
protections, due to the damage, injury received in his 2006
**denial.**                    White asserts, maintains that the
Constitution itself, by reason of guarantees implicit in the word
"*liberty*"; or an "*expectation*" or "*interest*" created by state

laws or policies invokes a viable colorable, cognizant claim for relief, review under §1983 strictures as-applied to White.

§ 3.    Assuming *arguendo*, that §15-22-26, supra, is unambiguous, as promulgated by Legislation, and "Article four," according to the Boards invocation herein, some time after 2002 denotes: "*The Alabama Code specifies the public officials and individuals who are entitled to notice of meetings at which the Board considers and takes action to* **grant . . . parole . . . involving violence, death, or any physical injury to the person of another**. **Id**. White maintains that said "*Article*" was not in effect at the time when the crime, sentence accrued in 1992; whereas "*Chapter 640-X-2.02, to-wit: 'Scheduling Cases for Parole Consideration'*:

> "(1)  As soon as practical after a prisoner is *sentenced to prison*, the Board causes a file to be prepared on the case. When complete, the Board members or their designee study the file and set a parole calendar date. *This parole date is for initial parole consideration and is not a presumptive parole date.*

> ". . .

> "(3)  *On cases involving crimes committed on or after May 19, 1980, the Board uses guidelines in establishing the initial parole calendar date. The guidelines take into account past criminal record, pattern and nature (severity) of present offense, and the community attitude toward the offender. Unless the Board determines that the guidelines should not apply, calendar dates will be set as follows:*

>> '(a) *If sentence is of ten years or more —and is of a particular heinous nature or the*

6

> *present offense is of a violent nature and his*
> *previous behavior indicates a high risk*
> *potential for future violence –case* **shall** *be*
> *set on the maximum scale.*

. . . .'" **Id.**

Thus White's previous –prospective "*parole consideration,*" granted
unto him at the inception of his imprisonment, at best "*a fair and
proper consideration based upon evidentiary truth,*" not artful
stratagems as were placed before the Board's administrative "eye"
by Defendant Harris –White's Alabama Department of Corrections
(hereinafter "ADOC") supposed classification specialist, whereas
she stated to White: "I'm going to mess you up, to where your
never going to get out of prison –because you (White) messed up
one of my institutional inmate tutor's, your going to remain at
Limestone (hereinafter "LCF") forever." [**quote-un-quote**], **Id. at
White's 1983, p.2, Section III, ¶7, and p. Section V, Claim 3.** §
§ 4.    White maintains sometime, shortly after his 1992
conviction / sentencing he was granted, by State statute –in
accord with the Board's 640-X guidelines an opportunity for future
potentially parole –said constructive configuration under the
guidelines set out above, gave White the "fundamental protection"
afforded an inmate under Alabama law –being that White did not
have, nor had White received life-without the possibility of
prospective parole.

Additionally White's case was not considered by State law, to
be either heinous nor violent in nature under the Board's *640-X-*

*2.02 stricture* as-applied to his case, then -thus *initially* allowing White the grant of at least a ten (10) year *eligibility* for potential "future" parole under the Board's "Scale for Parole Calendar Dates," established with the parameters of 640-X-3-.03 which would have been predicated herein, but absent White's previous -limited Discovery (Doc's 6, 7) being denied -White cannot effectively quote directly the higher end to show, share with this Court the higher end of said scale, nevertheless White received the lower end range of said scale for his *eligibility*, and the recent **denial** is not within the confines of either *Wilkinson*, nor *Greenholtz*, progeny's, that of providing White, and other Alabama inmates: "with a statement of *reason* for its decision to denying parole," to White, and others -in Alabama. **Id.** § 5.      White maintains that the Board's pretextual **denial** violated his "constitutional right to be fairly, properly considered absent arbitrary and/or capricious reasons" and consequentially denied him substantive due process of law allowing White to seek both, declaratory and injunctive relief for future protections for the current injury suffered.

The consideration of balance between Alabama inmate's interest in the proceedings and the "need for and usefulness of the particular safeguard in the given circumstances . . ." as quoted in *Haymes v. Regan*, 525 F.2d 540 (1975) sufficiently predicates that the Board's actions, inactions remain

8

unconstitutional as-applied to White, and other Alabama inmates when compared with the United States Supreme Court holdings, governing this Circuit's lower courts, as cited in both: 1) *Wilkinson*, and 2) *Greenholtz*, *supra*.

§ 6.      The   Board,   inapposite   to   said   above   mentioned strictures, usurps Legislative intent on parole consideration in Alabama, especially those in effect when White was convicted / sentenced in 1992, now challenged on its face. Although the Board is vested with discretion, such is not unbridled discretion even understanding that for the most part, parole in Alabama is nothing other than a privilege at best, the Board, and other named Defendants are not at liberty to *arbitrarily* and / or *capriciously* deny parole at a whim, the State statute remains quite implicit, in that § 15-22-26, states: "[N]o prisoner shall be released on parole merely as reward . . . but *only* **if** *the Board of Pardons & Paroles is of the opinion that there is reasonable probability that,* **if** *such prisoner is released, he will live and remain at liberty without violating the law and that his release is not incompatible with the welfare of society.*" **Id**. Said language is conditional based upon certain specific substantive predicates – such that the word "if" being conditional upon the Board's subjective thinking, most, if not all information, data imputed from society and ADOC must be true, correct to lead to an inmates "*fair consideration*," for potential parole, as clearly established

9

through controlling Federal law binding State statutory standards in Alabama which White holds, have been abridged by Defendants Williams, Longshore and Weatherly under the color of state law, while acting in their individual capacities, said named defendants usurped Legislative intent, -inapposite to both 640-X-.02 and 640-X-.03 standards for such parole, when viewed in light of *Wilkinson, Greenholtz, supra.,* relating to White's *"eligibility"* and *"consideration"* for proper, fair parole consideration, that's why White is bringing this instant §1983 action against these state officials for prospective injunctive relief to "end the continuing violations of Federal law."

§ 7.     Moreover, White applies Alabama's State statute providing that the state parole board release on parole any prisoner when, in the board's opinion: *"(1) there is reasonable probability that, if such prisoner is released he will live and remain at liberty without violating the law and that his release is not incompatible with the welfare of society,"* **Id., at §15-22-26,** and then said State statute further predicates another substantive predicate under the interpretation of United States Supreme Court holdings, of *Wilkinson, and Greenholtz,* in that §15-22-26 states: *"(2) If the board* **shall** *so determine, such prisoner* **shall** *be allowed to go upon parole outside the prison walls and enclosures upon such terms and conditions as the board* **shall** *prescribe, . . ."* **Id.** Thus, a prisoner placed on parole only *"if"*

the board believes that he or she is able and willing to fulfill
the obligations of a law-abiding citizen, creates a liberty
interest upon release of said parolee, conditional on the part of
the prisoners, after receiving a "fair, and proper consideration
for parole" that is protected under the due process clause of the
Fourteenth Amendment, since (1) although the release decision is
necessarily subjective and predictive, and the board's discretion
is very broad, the statute nonetheless uses mandatory language
("**shall**") to create a presumption that parole release will be
granted when the designated findings are made, (2) such a
presumption is created not only where a statute mandates release
**"unless," "but only"** certain findings are made, but also where
release is mandated **"if," "when,"** or **"subject to"** certain findings
being made, (3) the "substantive predicates" of parole release
under the statute are similar to those in the parole statute that
were likewise found in *Greenholtz v Nebraska Penal Inmates*, 442 US
1, 60 L.Ed.2d 668, 99 S Ct 2100, creating liberty interest
protections, in that said statutes require the consideration of
(a) the impact of release on both the prisoner and the community,
(b) the prisoner's ability to lead a law-abiding life, and (c)
whether release will cause a detriment to the community, and (4)
the legislative history supports the conclusion that the statute
places significant limits on the board's discretion, where (a) the
statute replaces a former statute that granted absolute discretion

to the board, (b) the statute's title refers to the board's duty to grant paroles within restrictions, and (c) the statute adds a provision for judicial review of the board's parole-release decisions. *Board of Pardons v Allen* (1987) 482 US 369, 96 L.Ed.2d 303, 107 S Ct 2415.         White maintains, *inter* alia, that the Board violates the inmates' civil rights by failing to apply statutorily mandated criteria in determining inmates' "*eligibility*" for parole, under 640-X criteria, then years later by its "Articles" which were not in effect when White, and others were convicted / sentenced, thereinafter it "*arbitrarily, capriciously*" denies parole, based upon pretextual reasons.

§ 8.     Federal law insofar as the action before this Court (seeking both declaratory, injunctive relief) from injuries by the Defendants in both official, and individual / personal capacities has yet to be decided, since (1) the United States Supreme Court has not decided whether state parole officials enjoy absolute immunity as a matter of federal law, and (2) the validity of the relief sought is thus not so insubstantial or so clearly foreclosed by prior decisions that the case is not permitted to proceed. Clearly the if the United States Court of Appeals decided that a state parole statute (i.e., 640-X-.02, 640-X-.03 in accord with §15-22-26) provides that the state parole board release prisoner(s) on parole when certain prerequisites are met, such parole release is protected under the due process clause of

12

the Fourteenth Amendment, and when the United States Supreme
Court, states with certainty, that it is not bound by statements
of the state's highest court (i.e., Alabama's Supreme Court) -that
parole is a privilege and a matter of grace, not of right, then
likewise this Court can effectuate its authority, power for
judicial comity albeit limited to certain, specific defendants.

§ 9.       Thus White concludes on the first answer to amend,
above, that this Court, can likewise as held in the mandatory
language and structures of a Nebraska parole-release statute, and
*Wilkinson* strictures which created an "*expectancy of release*," as
a liberty interest entitlement to protection under the Due
Process Clause. Alabama's statute at issue in this case provides
that when a prisoner is "*eligible for parole*" and "**if the Board** **.**
**. . . is of opinion . . . the Board shall so determine, such**
**prisoner shall be allowed to go upon parole . . .**" **Id at §15-22-**
**26**. Although a state has no duty to establish a parole system or
to provide for parole for all categories of convicted persons,
once the State has it births Federal review for its absurdities
to adhere to Federal law and when the parole candidates suffer
injury to such expectations, as hereinafter with White, then
Federal review is imminent.

§ 10.       Last but not least of the unconstitutionality of the
Defendants "policy" is that the Board is not: "*issuing a[ny]*
*reason for its decision to deny parole*," to the Inmate in accord

with both *Wilkinson*, *Greenholtz*. White states, that the Defendants violated the Due Process Clause of Fourteenth Amendment at § 1, the substantive component of the Due Process Clause protects White's "*fundamental*" rights implicit in the concept of ordered liberty. See *Palko v. Connecticut*, 302 U.S. 319, 325, 58 S. Ct. 149, 152, 82 L. Ed. 288 (1937).    It is within this framework that White asserts his fundamental rights incorporated against the Defendants. Because it is "implicit," the Supreme Court has held the right necessarily merits protection under the substantive component of the Due Process Clause, as is respectfully requested hereinafter. See *Collins v. City of Harker Heights*, U.S., 112 S. Ct. 1061, 1068, 117 L. Ed. 2d 261 (1992) (quoting *Daniels v. Williams*, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986)).

## ¶ II.

As Court ordered on December 7th 2008 "*file an amendment to his complaint on or before January 22nd 2008* -which:

> '2. Specifically describe how the parole board members conspired with non-members to effectuate the denial of his parole.'";

§ 11.    White asserts, maintains that Board members Williams, Longshore, and Weatherly separately -collectively as individuals *contacted the following parties*, sometime within thirty (30) days prior to his parole, under §15-22-23(a)(2) and subsection (d) thereof, to-wit: "1) Governor Riley's Office, his agents,

14

employees or a[ny] under his otherwise control -acting under the color of state law, and 2) the Attorney General Troy King, his agents, employees or a[ny] under his otherwise control -acting under the color or state law, and 3)inapposite to §15-22-23(b)(3) the Board *contacted and/or permitted* Miriam Shehane (VOCAL) to speak against White's potential parole -which remains a flagrant or unauthorized action; albeit by State statute prior to White's *parole consideration*, that said offices, persons, agents, employees, *inter* alia, therein be informed that said *consideration* is at hand, said "notification is statutorily limited" which was breeched by the Board -its during that administrative contact, whether written, facsimile, *inter alia*, that White planned on proving through limited discovery, that the Board member "*defendants*" conspired to deny White his proper "*fair consideration*" by means of a) usurpation of legislative authority and in excess of lawful power, b) it exceeded its jurisdictional function -governed by State law c) violated Federal Constitutional mandates d) contravened the Fourteenth Amendment of the U.S. Const., Alabama's Constitution and the Board's rules, regulations and guidelines of 640-X-.02 and 640-X-.03 in effect when White's conviction / sentence were committed.

§ 12.    Defendants Riley, King, and M. Shehane have on more than one occasion spoke against those classified as violent offenders, through T.V., Radio and Newspapers, *inter alia*,

concerning such offenders of which White requests that this Court "*take judicial notice*" of under Rule 201(d), Fed.R.Evid., that such statements, assertions and political agenda's at hand is orchestrated through the Board's pretextual reasons to deny parole those classified as violent offenders upon the input from both the Governor's Office, and the Attorney General's Office, and M. Shehane (Vocal) as-applied to White; basically improper grounds, and flagrant acts, inactions specifically stemmed from Governor Riley et. al., and General King et. al., the driving force politically speaking continually designing overreaching pretextual reasons to deny not only White fair consideration for parole, but other Alabama inmates similarly situated inapposite to the otherwise consideration White's counterparts received, for parole consideration, that is: 1) the female inmates, and 2)some H.I.V. inmates within the ADOC, which the Board treats different.

# ¶ III.

As Court ordered on December 7th 2008 "*file an amendment to his complaint on or before January 22nd 2008* -which:

> '3. Identifies the alleged false/erroneous information
> placed in his institutional file by the defendant
> Harris.'";

§ 13.     White maintains that since the Board looks primarily at the inmates ADOC file -pursuant to §§15-22-24, 25, and §15-22-34 as a whole when exercising its discretionary decision-making powers towards granting and denying parole, its paramount that the

16

Board have before it admissible evidentiary facts, so as not to base its decision n false/erroneous information, data -prior to subjectively deciding upon said information in the file, whether vel non the Board can derive subjectively, within the confines of §15-22-26, that, it: "*is of the opinion that there is reasonable probability that, if such prisoner is released, he will remain at liberty without violating the law and that his release is not incompatible with the welfare of society.*" **Id.** When, as herein – Defendant Harris placed into White's ADOC file, the below contents, for the Board member Defendants Williams, Longshore, and Weatherly's purview: "I'm going to mess you up, to where you'll never get out of prison, because you (White) messed up one of my institutional inmate tutor's, you'll remain at Limestone forever." **Id. at Ground 3, §1983**, she flagrantly abused her ADOC position and *arbitrarily, capriciously* placed erroneous information before the Board, to ultimately decide White's future fate, the crux of White's claim against this named Defendant -whereas the Board acted upon said information in its determination for parole. Thus the Board engaged in flagrant and unauthorized action -relying on said falsity denying White parole.

Said act(s), inaction(s) hindered, obstructed and denied White a "*fair, proper*" parole consideration -review in 2006, by defendants Harris, Williams, Longshore, and Weatherly -inclusive

to the unconstitutionality and illegalities made mentioned, above, against defendants Riley, King and M. Shehane in 2006.

¶ IV.

As Court ordered on December 7th 2008 *"file an amendment to his complaint on or before January 22nd 2008* -which:

> '4. States a factual basis in support of his claim that parole board members denied him parole in violation of his equal protection rights.'";

§ 14.    White maintains, that section 4, above, as ordered by Judge Moorer, be amended with "a factual basis supporting his equal protection rights" which remain conjunctive, cognizant to the "facts" presented in White's ¶ I, §§1 -10, and ¶ II, §§ 11,12 above, inclusive to asserting that the "task as asked by the magistrate" at present, remain(s) quite difficult to separate aside from this Court respectfully taking judicial notice upon White's request that this Court "fully incorporate as same herein" at this juncture, the above succinct "facts," statements and legal arguments be accepted hereto, in compliance with this Courts earlier directives; White attempts to amend, adhering to this Courts January 7th 2008 Order, albeit pro se, the foregoing additional paragraphs.

§ 15.    Also amended to White's initial §1983 complaint at Ground One, page 3, is White maintains, asserts that (1) "non-violent offenders receive preferential parole consideration, review," inapposite to what, how White was denied fair parole

consideration; also, that (2) "Alabama female's similarly situated also receive preferential parole consideration for similar crimes of nature and society –inapposite to the way Defendants treated White's consideration for parole," White maintains, that (3) the Defendants "flagrantly abused State law, when viewed with the "facts" in toto, above, in that (a) "no adequate equal protection, or remedies are afforded inmates as-applied to White's facts, circumstances," compared to female inmates, and other ethnic inmates, and also (b) "parole violator's" receive due process protections, remedies inapposite to those denied White, and others –as made mention, above in ¶ 1, § 1(a) at pp. 2 –4," supra., and (c) "no procedural protections, remedies are afforded White in accord with the holdings of: _Wilkinson_, and _Greenholtz_ standards, specifically but not limited to (i) receipt, acknowledgement, notice, compliance of in accordance with the Board guidelines in effect –at the time of White's conviction / sentence in 1992, regards to 640-X-2.02 (Scheduling Cases for Parole Consideration(s)), 640-X-2.03 (Pre-Parole Inmate Interview(s)), 640-X-2.04 (Public Notice(s) of Pending Parole Consideration(s)),640-X-2.05 (Preliminary Review of Docket Cases), 640-X-2.06 (Notice of Pending Parole Consideration(s)), 640-X-2.07 (Protest(s)), and 640-X-2.09 (Board(s) Action(s) to Grant or Deny Parole(s)); inclusive to 640-X-3-.02 (Parole Review Worksheet(s)), 640-X-3-.03 (Scale for Parole Calendar Dates), 640-X-3-.04

(Interview/File Review Worksheet(s)), 640-X-3-.05 (Victim Request(s) or Waiver(s) of Notice(s)), 640-X-3-.06 (Action(s) of Board) -said rules, regulations and statutes were *arbitrarily and capriciously* applied to White and (c) never afford a[ny] reason why parole was denied another flagrant violation in apposite to *Wilkinson*, and *Greenholtz* standards, thus White adopts herein "factually speaking" the above for the sake of brevity, under Rule 8, Fed.R.Civ.P, as amended.

¶ V.

As Court ordered on December 7th 2008 "*file an amendment to his complaint on or before January 22nd·2008* -which:

'5. Identifies the retroactive and discriminatory parole procedures utilized in the determination to deny him parole.'";

§ 16. White identifies both the retroactive and discriminatory violation of his Constitutional rights -in relationship to the *Ex Post Facto Clause* by the ever increasing changes in the Board's parole procedures utilized in determining both White's "*review*" and "*consideration*" inapposite to the guidelines in effect in 1992 which were flagrantly changed, sometime after White was granted his *initial parole review consideration day, date* as mandated pursuant to 640-X-.02 and 640-X-.03 guidelines -although said changes remained unbeknownst to White until his recent denial, White had only found out, that the Board changed its previous guidelines only after his first

20

denial for parole "*review*" in 2006 -whereupon he was informed the parole Board utilized the new amended "*Articles*" to first "*notify*" certain -specific persons, party's -some not by State statute were contacted which had an adverse affect to White's "*fair consideration*," for parole in 2006, see ¶ I, §§1 -10, and ¶ II, §§ 11 -14, "*facts*" supra, which White fully incorporates as same herein, doing so for brevity sake.

§ 17.        White identifies both the retroactive and discriminatory violation of his Constitutional rights -in relationship to both 1) the *Ex Post Facto Clause* and 2) violations of his Due Process and Equal Protection rights by the Board's *arbitrary and capricious* act(s), action(s), to-wit: (a) "under the doctrine of continuing violations by the Defendants' acts, actions, stated above," and additionally to-wit: (b) "by deviating from parole guidelines in effect in 1992," but also (c) "the Defendants *engaged in invidious* discrimination against White -based upon his ethnicity" -as well as other Alabama inmates which White requests this Court take under judicial advisory the following inmates whom have likewise been violated by the same named Defendants as a whole, White request that this Court "*take judicial notice*" of the ongoing Federal Constitutional violations both "*pending*" and at present "*rising*," *see 1) Patrick Joseph Charest, #182262 @ 2:07-CV-984-MHT, before Magistrate Walker, 2) Ronald Sutton #210657 @ 2:08-CV-0003-MEF, before Magistrate*

*Walker, 3) Anthony L. Carey #152763* @ 2:07-CV-1106-MHT, before
Magistrate T. Moorer, *4) Bernies Burnett, #132146 @ 2:08-CV-22-
WKW before Magistrate T. Moorer 5) Johnny Brown #110326 @ 2:07-
CV-1123-MHT, before Magistrate Coody* with respects to how Alabama
state    prisoners    are    *arbitrarily,    capriciously    and
unconstitutionally* being    denied    **"fair"** Parole    consideration
inapposite to both *Wilkinson v. Dotson*, supra, and *Greenholtz v.
Nebraska*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668
(1979) progeny's -being evaded plenary review should this Court
not invoke "class certification" *sua sponte.*

WHEREFORE PREMISES SHOWN, White prays that this Court would
accept the above-mentioned "Amendment" to the previous pleadings
and apply the standard of *Haines v. Kerner*, to said compliance.
Done so this January 22, 2008.

Respectfully submitted,

Willie Lee White #140147

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day, placed said same
Amendment in the U.S. mailbox properly addressed to Honorable
Debra Hackett, P.O. Box# 711, Montgomery, Alabama 36101-0711.

Done so this January 22, 2008.          Respectfully    submitted

Willie Lee White, #140147
L.C.F. 28779 Nick Davis Rd.
Harvest, Alabama 35749-7009

22

Gerald R. Ford
USA First-Class

PM
HUNTSVILLE AL 358
2008
PM
HUNTSVILLE AL 3
2008
24 JAN

White Willie #144187
Limestone C.F.
28779 Nick Davis Road
Harvest, Alabama
35749-7009

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

U.S District Court
Attention Honorable D. Hackett
Post Office Box 711
Montgomery, Alabama 36101-0711

2:07-cv-1096-MHT