**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE-DISTRICT OF ALABAMA**

Willie Lee White #140147                    *

    Plaintiffs,                    *

Vs.                                                     *    **2:07-CV-1080-MHT**

Alabama Pardon & Paroles et.al.,  *  **[ Requesting Civil Joinder**
            **and or Class Certification —**
    Defendants.             *  **Rules 18 —20,23(a)(b)(1)(A)(B)**
            **of Fed.R.Civ.P.]**
           *

### JOINDER OF DEFENDANT PARTIES
### AND OR CLASS CERTIFICATION OF PLAINTIFFS

    COMES NOW Willie Lee White (hereinafter "Plaintiff White") moves this Court to *GRANT* pursuant to Rules 18 -20, 23(a)(b)(1)(A, B), F.R.Civ.P., in the above-styled action for juridical continuity, comity due to the complexity of interrelated claim(s) as a result of a conspiracy or concerted schemes between the same defendants at whose hands the plaintiff class suffers continuous —ongoing injuries, absent a[ny] other adequate State court remedy. All defendants are juridically related in a manner that suggests a single resolution of the dispute(s) raised, would be expeditiously resolved, under the doctrines of "prospective: 1) Declaratory and 2) Injunctive relief," as follows:

    Plaintiff White maintains, *inter alia*, that said claim(s) against same Defendants arise out of same transactional act(s), omission(s), and inaction(s) through a complex series of civil

violations under color of state law, and there remains without a doubt, both a commonality of questions of law and fact -in existence. See *Alabama Independent Service Station Ass'n. v. Shell Petroleum Corp.* 28 F.Supp. 386 (DC. Ala. 1939); *also* Rules 18(a), 19(a)(d), 20(a), F.R.Civ.P., thus class certification -at this stage is an absolute juridical necessity, at this critical juncture. See Rule 23(a)(b)(1)(A,B), Fed.R.Civ.P.

Plaintiff White seeks both 1) relief against same common Defendants, and 2) raises identical legal claim(s) -challenging Alabama's unconstitutional policies, procedures as-applied to, either his (a) parole eligibility, or (b) parole suitability in accord with *Wilkinson v. Dotson*, 544 U.S. 74, 161 L.Ed.2d 253, 125 S.Ct. 1242 (2005), and *Greenholtz v. Nebraska* Inmates, 442 U.S. 1, 60 L.Ed.2d 668, 99 S.Ct. 2100 (1979) for fair, proper parole 1) eligibility and / or 2) consideration, and 3) notification(s) in accord with Federal law -as promulgated by both the Due Process Clause and Equal Protection Clause of the Fifth and Fourteenth Amendments.

The "juridical link" referred to herein, by Plaintiffs as a suggestive and, as a requested class representation, requires joinder of defendants, and plaintiffs as a whole; the foregoing cases all involved bilateral class action suits, and may well be considered as illustrating the propriety of considering the juridical link in cases such as the one now before this Court.

2

These cases are *United States v. Trucking Employers, Inc.*, 75 F.R.D. 682 (D.D.C. 1977), *Doss v. Long*, 93 F.R.D. 112 (N.D. Ga. 1981), *In re Alexander Grant & Co.*, 110 F.R.D. 528 (S.D. Fla. 1986), and *In re Computer Memories Securities Litigation*, 111 F.R.D. 675 (N.D. Cal. 1986). While all of these cases support plaintiffs' view that in the event there is a juridical link, it is appropriate to join as a defendant a party with whom the named class representative did not have a direct contact, each of them presents a situation in which there was either a contractual obligation -within the strictures of both the U.S. Constitution or outright State statutory provisions promulgated by Legislation to have provided equal protection for, and due process procedural safeguards among all parties t hand requiring legal action(s) by the defendants. In addition to the provisions of the class action rule, Rule 23(b), Fed.R.Civ.P., this Court may also consider the rules relating to the joinder of parties either by motion or *sua sponte* by the court, which Plaintiff White respectfully requests, either or both.

Assuming *arguendo*, the following rules favor joinder, where Rule 18 determines the joinder of claim(s); Rule 19(a) promotes the joinder of persons needed for just adjudication(s); Rule 20(a) treats the permissibility of parties, which ultimately promotes juridical economy, convenience allowing parties to be freely joined so as to resolve as many disputes as possible which

3

relate to, as herein, the particular transaction(s), occurrence(s) involving Defendant parties as a whole, thus avoiding multiplicity of suits and inconsistent adjudications, all of which the above manifest's -in favor of comity for Class Certification under Rule 23 et. seq., Fed.R.Civ.P.

Rule 20(a) permits all persons to join as plaintiffs in an action where (1) they assert a claim jointly, severally, or in the alternative regarding a particular transaction or occurrence (or series of transactions or occurrences) and (2) where *any* questions of law or fact common to the parties will arise in the action. Likewise, all persons against whom such claims are asserted may be joined as defendants in one action. Note that the term "common question of law or fact" does not refer to generic facts or law (e.g. "the law" of torts), but rather to a "fact" as a particular occurrence or event, and "law" as an application of the same legal rule or principle in a related factual setting. Rule 20(a) provides the court with discretion to make such orders, relieving parties joined of any embarrassment, delay, avoiding prejudice and expediting a final determination of plaintiffs' common disputes, preventing multiple lawsuits. *See Mosley v. General Motors Corp.*, 497 F.2d 1330, 8 BNA FEP Cas. 92, 7 CCH EPD 9408, 18 FR. Serv. 2d 1142 (CA8 Mo. 1974); *United States v. Carolina Warehouse Co.*, 4 FRD 291 (DC. SC. 1945); *Fair Housing Development Fund Corp. v. Burks*, 55 FRD 414, 16 FR Serv.

4

2d 826 (ED. NY. 1972); *Horton Co. v. International Tel. & Tel. Corp.*, 85 FRD 369, 29 FR Serv. 2d 288 (WD. Pa. 1980); *Pennsylvania v. Local Union 542, International Union of Operating Engineers*, 27 FR. Serv. 2d 974 (ED. Pa. 1979); Guedry v. Marino, 164 FRD 181, *magistrates recommendation* (1996, ED. La.), 1996 U.S. Dist. LEXIS 16197 (ED. La. 1995); *Bridgeport Music, Inc. v. 11C Music*, 202 FRD 229, (MD. Tenn. 2001).

Wide latitude should be granted, given; under the circumstances governing Plaintiff White's indistinguishable claim(s) in comparison to other present, similar civil action(s), such as: 1) 2:07-CV-984-MHT, 2) 2:07-CV-1123-MHT, 3) 2:08-CV-0003, 4) 2:07-CV-1106, and 5) 2:08-CV-22-WKW, already before this District Court in other similar §1983 action(s).          The options enumerated **"above"** promoting commonality for said parties in this instant action won't create joint liability, since permitted joinder /class certification is procedural and not substantive, a[ny] judgment entered against one or more Defendants according to their respective liabilities, is a procedural rule concerning joinder of parties, which does not affect substantive rights of the parties. *See* Rules 18(a), 19(a), and 20(a), F.R.Civ.P.

Rule 18(a) provides in relevant part as follows:
"Joinder of Claims and Remedies, 'a party asserting a claim to relief as an original claim, . . . . may join, either as independent or as an alternative claims, as many claims, legal,

> equitable,  . . . as the party has against an
> opposing party.'"

*Sunderland, The New Federal Rules,* 45 W.Va. L. Q., 5, 13 (1938),

*also Clark, Code Pleading 58 (2d ed. 1947)*(Permitting a party to

plead multiple claims of all types against opposing part[ies]).

Rule 19 provides in relevant part as follows:

> "Joinder of Persons Needed for Just Adjudication,
> '(a) *Persons to be Joined* if Feasible. A person
> who is subject to service of process and whose
> joinder  will   not   deprive   the   court   of
> jurisdiction  over  the  subject  matter  of  the
> action shall be joined as a party in the action
> if
> (1) in the person's absence complete relief
> cannot be accorded among those already parties,
> or (2) *the person claims an interest relating to
> the subject of the action and is so situated that
> the disposition of the action in the person's
> absence may (i) as a practical matter impair or
> impede the person's ability to protect that
> interest* or (ii) leave any of the persons already
> parties  subject  to  a  substantial  risk  of
> incurring  double,  multiple,  or  otherwise
> inconsistent obligations by reason of the claimed
> interest. If the person has not been so joined,
> the court shall order that the person be made a
> party. . . .'"

(Emphasis added).        Additionally, Rule 20 Permissive Joinder

of Parties provides in relevant part as follows:

> "(a) *Permissive Joinder.* 'all persons may join in
> one action as plaintiffs if they assert any right
> to  relief  jointly,  severally,  or  in  the
> alternative in respect of or arising out of the
> same  transaction,  occurrence,  or  series  of
> transactions or occurrences and if any question
> of law or fact common to all these persons will
> arise in the action. All persons . . . may be
> joined in one action as defendants if there is
> asserted against them jointly, severally, or in
> the alternative, *any right to relief in respect
> of or arising out of the same transaction,*

> *occurrence, or series of transactions or occurrences* and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

(Emphasis added).          Plaintiff White maintains, as does this Circuits holdings, referring first to Rules 19, 20, or Rule 23, it seems clear that under the rules of *stare decisis* if these defendants/plaintiffs are not joined, or certified as a class, a decision in favor of the present defendants -against the plaintiff or the class would at least to some extent "*impair or impede*" a plaintiff's ability to protect his or her legal interest against a[ny] named defendant. *See Chiles* v. *Thornburgh*, 865 F.2d 1197, 1212 (11th Cir. 1989).

Rule 23, predicates that Class Actions on one or more members -generally is required as a "*prerequisite to class action*," as follows:

> "(a) One or more members of a class may sue as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the class or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties (**experienced counsel**) will fairly and adequately protect the interests of the class (**Plaintiffs**).

> "(b) Class Actions Maintainable: 'An action may
> be maintain as a class action if the prerequisite
> of subdivision (a) are satisfied, and in
> addition:
>> '(1)      the   prosecution   of   separate
>> actions by or against individual members of
>> the class would create a risk of
>>
>> '(A)     inconsistent     or     varying
>> adjudications with respect to individual
>> members of the class which would establish
>> incompatible standards of conduct for the
>> party opposing the class, or
>>
>> '(B) adjudications    with    respect    to
>> individual members of the class which would
>> as a practical matter be dispositive of the
>> other    members    not    parties    to    the
>> adjudications to protect their interests; or
>
> . . . .'" **Id.**

[A]ll act(s), inaction(s), transaction(s), occurrence(s) arose
out of, and are arising from a series of transactions or
occurrences initiated by Defendant parties, and Plaintiffs are
suffering injuriously, absent judicial intervention of Federally
protected Constitutional rights, due to State impediment
involving the same question(s) of law and fact, therefore this
Court must likewise conclude joinder and / or class certification
is adequately proper. *See* U.S. Constitution, Article III, § 2.

Plaintiff White requests that this Court "take judicial
notice" of "*ongoing & continuing violations*," of both
Constitutional violations and State law regarding Plaintiffs 1)
Patrick Charest #182262 @ 2:07-CV-984-MHT, before S. Walker; 2)
Johnny Brown, #110326 @ 2:07-CV-1123, Magistrate Coody; 3) Ronald

8

Sutton, #210657 @ 2:08-CV-1106, before Magistrate S. Walker; 4)
Bernies Burnett, #132146 @ 2:08-22-WKW, before Magistrate Moorer
5) Anthony Carey, #152763 @ 2:07-CV-1106, before Magistrate C.
Coody -have individually, collectively  challenged the Defendants
flagrant "procedural -substance" right violations and share a
commonality in the outcome of the controversy as to the concrete
adverseness, which sharpens the presentation of issues upon which
[a] court so largely depends for illumination of difficult  . . .
questions[.]", as the three "current pending claims before this
Honorable Court. *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691,
703, 7 L.Ed.2d 663 (1962).

WHEREFORE  PREMISES  SHOWN,  Plaintiff  White  request  for
emergency joinder or class certification under the circumstances
ascribed above, hereinafter for juridical efficiency, as a matter
of right.

Done so this January 25, 2008.                    Respectfully submitted,

Willie L White

Willie Lee White # 140147

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day, placed said same
instant  motion  in  the  U.S.  mailbox  properly  addressed  to
Honorable  Debra  Hackett,  P.O.  Box#  711,  Montgomery,  Alabama
36101-0711.

Done so this January 25, 2008.           Respectfully submitted

Willie L. White

Willie Lee White, #140147
L.C.F. 28779 Nick Davis Rd.
Harvest, Alabama 35749-7009

White, Willie #140797

L. C. F.    B- Dorm

Harvest, Alabama

35749-7009

HUNTSVILLE AL 358
2008
28 JAN

HUNTSVILLE AL 358
2008
28 JAN

Legal Mail

United States District
Court: Hon. D. Hackett,
Post Office 711
Montgomery, Alabama
36101-07

2:07-CV-1080-MHT