IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIE LEE WHITE #140147                        *

PLAINTIFF,

Vs.                                             *        **2:07-CV-1080-MHT**

                                                         In re: [ **2:07-CV-984-MHT; 2:07-CV-**
ALABAMA PARDON & PAROLES, et. al.,              *        **1123-MHT; 2:07-CV-1106-MHT; 2:08-**
                                                         **CV-0003-MEF; 2:08-CV-22-WKW ]**
DEFENDANTS.                                     *

## OBJECTION TO ORDER DENYING JOINDER AND OR CLASS CERTIFCATION ON JANUARY 31ST. 2008

COMES NOW Willie Lee White (Hereinafter "White") moves this Court to respectfully review *de novo* the foregoing for good cause, and catch –correct the manifest injustice accruing in the above styled **Denial,** as follows:

First, and foremost it must be respectfully pointed out, that the Magistrates' Order remains totally inapposite to the language of this Circuit's holdings, and not in accordance with federal comity under the rule of commonality, as follows:

## I.    FACTS:

Plaintiff White filed his 42 U.S.C. § 1983 on or about November 26th, 2007 along with his attached PMOD account sheet, affidavit for indigent status (Doc. 7), or permission to proceed upon receipt of a partial filing fee –which *grant* of subsequently came on December 14th. 2007.

Also on December 14th, 2007 this Court issued an ORDER (Doc. 4) for Defendant White to *AMEND* his §1983 complaint, on or before January 7th 2008 with specific certainty, giving a more in depth analogy to the previous three (3) claims raised; Magistrate Moorer requested White's claims be narrowly confined to *identifying* with specificity a) the unconstitutional policy, b) the false / erroneous information, c) the retroactive / discriminatory parole procedures and d) *describe* how the Board conspired with non-members to effectuate the denial and e) state a factual basis –supporting the parole violation (equated to) an equal protection claim.

Consequential to the above, White filed, on December 20th 2007 -two (2) conducive styled motions to better equip himself to complying with Magistrate Moorer's order, by 1) *Request*[ing] *Limited Discovery Affording Plaintiff White Sufficient Cause to Effectuate Compliance With Order* (Doc. 7) and 2) *Motion To Compel Discovery* (Doc. 6) dealing with the regulations, policies, and practices currently challenged.

Nevertheless, Magistrate Moorer denied White's discovery motion, albeit merely stating in single sentence, absent a[ny] case law, that said "*document sought by plaintiff are not necessary to his filing an amendment to the complaint...*" Furthermore *granting* White until January 22nd. 2008 to effectively amend the previous complaint, as ordered, White complied.

Shortly thereinafter, on January 25th, 2008 White *filed* for an Amendment / Joinder which was summarily DENIED on January 31st 2008, Worthy of particular note –herein,

was that White requested for Magistrate Moorer to have taken under judicial notice, under Federal rules, this Circuits holdings of Federal procedures for the other named specific inmates –requesting "class certification" under the commonality doctrine which could have not been legally, lawfully developed, nor determined by Magistrate Moorer in one (1) day, White's motion for either "Joinder or Class Certification of Plaintiffs" was docketed on the evening hours of January 31st, 2008, and the very next morning of January 31st, 2008 Magistrate Moorer issue an "*Order On Motion*" denying certification [?].

## II.    STANDARD OF REVIEW:

White "respectfully asserts, that an abuse of discretion, authority," arose herein, and that district court's grant of class certification for an abuse of discretion, is reviewable under such doctrine. *Rutstein v. Avis Rent-A-Car Systems, Inc.*, 211 F.3d 1228, 1233 (11th Cir. 2000) ("Assuming that the district court correctly interpreted the applicable law, we review the court's grant of class certification for an abuse of discretion."). Thus **de novo** review is applicable to the instant motion under scrutiny, as follows:

## II.    DISCUSSION:

## A.    The Legal Standard for Class Certification:

White's Motion for Class Certification is governed by the standards set forth in Rule 23, Fed.R.Civ.P. *See  Valley Drug Co. v. Geneva Pharmaceuticals, Inc.,* 350 F.3d 1181, 1187 (11th Cir. 2003) (explaining that Rule 23 furnishes the "legal roadmap" which courts must follow in assessing propriety of class certification). Thus for the Magistrate to have

3

simply denied class action certification, the Magistrate would have had to made a determination that the named plaintiffs, or at least one named class representative did not have standing congruent with U.S. Const. Art. III –to raise each class subclaim –such did not occur; therefore the Magistrate abused his discretion in this case.

Rule 23's requirements must be interpreted in keeping with Article III constraints, and with the Rules Enabling Act, which instructs that rules of procedure "shall not abridge, enlarge or modify any substantive right," 28 USC 2072(b) [28 USCS 2072(b)].

To place White's controversy in context, a descriptive analysis of the characteristics for class actions for which the Federal Rules provide protections, Rule 23, governing federal-court class actions, stems from equity practice and gained its current shape from an innovative 1966 revision. *See generally Kaplan, Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedu*re (I), 81 Harv. L. Rev. 356, 375-400 (1967) (hereinafter Kaplan, Continuing Work), thus White asserts:

B.    The Standing of Named Plaintiffs to Represent the putative Class:

"It is well-settled that prior to the certification of a class, technically speaking before undertaking any formal typicality or commonality review, the district court must determine that at least one named class representative has Article III standing to raise each class subclaim." *Prado-Steiman*, 221 F.3d at 1279. Simply put, a plaintiff cannot represent a class unless he first shows that he has standing to raise the claims of the class he seeks to represent. *See Murray*, 365 F.3d at 1288 n.7. "Any analysis of class

certification must begin with the issue of standing." *Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir. 1987); *see also* <u>Hines</u>, 334 F.3d at 1256. In *Prado-Steiman*, 221 F.3d at 1280, for instance, the appellate court vacated class certification and remanded with instructions that the lower court determine whether at least one named representative of each class or subclass had standing for each proffered claim.[1]    Two    particular    elements    of standing are of vital importance in the case at bar, to-wit: (i) whether White (and other proposed inmates) had sustained a[ny] injury in fact; and (ii) whether their claims were timely, but for the Magistrate's oversight in the instant review White maintains the record reflects affirmatively on both component elements, above.

Additionally, that the putative class must have met each of the requirements specified in Fed.R.Civ.P. <u>23</u> (a), as well as at least one of the requirements set forth in Fed.R.Civ.P. <u>23</u>(b). Although the burden of proof to establish the propriety of class certification rests upon the plaintiff, requesting said action(s) to become a class, the Magistrate herein *"failed to establish"* that White and the others were not duly entitled to such certification, by simply stated, in a single sentence, citing no case authority whatsoever the following statement "[t]he court construes to contain a motion for joinder of actions, *and as the facts underlying decisions of the Alabama Pardon and Paroles with respects*

---

[1]        The Court recognizes that certain decisions discuss standing within the context of the Rule 23(a) typicality requirement, while others view it as a freestanding determination divorced from Rule 23(a) issues. *Compare City of Hialeah, Florida v. Rojas*, 311 F.3d 1096, 1101 (11th Cir. 2002) (describing standing and Rule 23 as distinct prerequisites for class action suits, and declining to address Rule 23 at all upon determination that standing was lacking) *with Hines*, 334 F.3d at 1256 (analyzing standing in context of Rule 23(a) typicality discussion). This distinction appears to be one of semantics and is immaterial to the analysis herein. Either way, class certification may not be granted if the named plaintiffs lack standing to raise the claims at issue.

*to each individual inmate plaintiff are substantially different, it is . . . DENIED."* **Id.**
(emphasis-italicized), basically White maintains that Magistrate Moorer's subjective
statement remains outside the strictures of Rule 23 parameters.

   White predicated his inju:[ies] in fact in accord with the *"legal standard
requirement"* for this Circuit under the U.S. Supreme Court recent decision in *Wilkinson v.
Dotson,* 544 U.S. 74 (2005) –those invasions remain legally protected interests under the
progeny of *Wilkinson, supra.,* and the holdings of *Greenholtz v. Inmates of Nebraska,* 442 U.S.
1 (1979) which remain cognizant and ongoing until this Court intervenes and corrects
"prospectively" as requested by White and others under the doctrine of "declaratory
injunctive" relief. See (White §1983 at p. 4 under Section IV, and White's Amendment
(1/22/08 at pp. 1 –22 in toto) for plenary review herein).

   This Court –respectfully speaking is well informed, far better than White on the
Four (4) elements under Rule 23(a) theory, for this Circuits analysis for class certification
–White asserts that the 1) Questions presented to the Court were likened, and for the
most part identical in law in regards to the other inmate plaintiffs –whom sought
juridical intervention and protection as a class, which was arbitrarily denied by
Magistrate Moorer –inapposite to "numerosity, commonality, typicality and adequacy,"
White requests that this Court through its *trained eye* review de novo said request for
certification of inmates as a class primarily because as a whole State law provides "no
adequate equal protection clause nor due process protections for this unique class of

inmates, that when "we're denied Parole, despite the Board's political pretexual reason(s) -we have no State remedy to challenge the Board's discriminatory, flagrant abuse of discretion to have in fact *denied parole* distinguishable to the State law protections granted parolee's  upon being revoked –they have the common law certiorari as a vehicle towards seeking remedial review –inapposite to White and the others named above (cf. Case numbers cited in Heading), please take judicial notice of 1) the succinct facts pled in all six §1983, 2) the parties questions of law invoked therein and in their separate subsequent pleadings, inclusive to White's facts in the "*Amendment to 42 U.S.C. §1983 Complaint,*" filed on January 22nd, 2008 specifically, but not limited to, ¶17 at pp. 21, 22. See Rule 201, Fed.R.Evid.

Fed.R.Civ.P. 23(a) acts as a lens through which a court looks to ensure that the interests and claims of the representative plaintiff –or in this case White -match those of the putative class.   A class action is certifiable once certain elements are met, but only after a rigorous analysis, can a determination be properly made, White asserts one was not done in the instant case, with regards to the requested review of the other cases currently pending before this Court, within the prerequisites of Rule 23(a) -inapposite to the last hour review White received on the epic question posed and haphazardly denied by Magistrate Moorer in conducting that Rule 23 requisite "rigorous analysis test;" the district Judge may now look beyond the complaint in considering the parties' supplementary evidentiary submission(s), which were requested be viewed prior to any

determination by White, prior to a[ny] decision for consideration of, protection by the class, seeking juridical comity.

Rule 23(a)(2) requires that there be questions of law or fact common to the class. Fed.R.Civ.P. 23(a)(2). "The threshold for commonality is not high." *Hernandez v. Medows*, 209 F.R.D. 665, 669 (S.D. Fla. 2002). "It is only necessary to find at least one issue common to all class members." *Pottinger v. City of Miami*, 720 F. Supp. 955, 958 (S.D. Fla. 1989). "Moreover, factual differences between class members, as asserted by Magistrate Moorer, do not preclude a finding of commonality, as long as common questions of law exist." *Hernandez*, 209 F.R.D. at 669. Also, because White sought class certification under Rule 23(b)(2), there was no requirement that common issues of law or fact predominate. *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001). Indeed, also Rule 23(b)(2), remains actionable for White because "class actions seeking injunctive or declaratory relief . . . by their very nature present common questions of law or fact." *Haitian Refugee Ctr., Inc. v. Nelson*, 694 F. Supp. 864, 877 (S.D. Fla. 1988), *aff'd*, 872 F.2d 1555 (11th Cir. 1989), thus Magistrate Moorer reason is misplaced.

Fed.R.Civ.P. 23(b)(3) allows a class to be certified if both common questions of law or fact predominate over questions affecting only individual members, and a class action is superior to other methods for fair and efficient adjudication of the controversy. At the preliminary class certification stage, the court may not pass on the merits of plaintiffs' claims. But this rule of thumb does not compel the court to reflexively shun all

merits-related issues in rendering a Fed.R.Civ.P. 23 opinion. To the contrary, the United States Court of Appeals for the Eleventh Circuit's jurisprudence recognizes that merits and Rule 23 issues are often intertwined, such that addressing Rule 23 criteria often requires some foray into the merits. The prohibition on merits determinations at Rule 23 stage should not be talismanically invoked to artificially limit a trial court's examination of the factors necessary to a reasoned determination under Rule 23. By making an informed assessment of the parties' evidence at the class certification stage, a trial court does not erroneously reach the merits of the litigation, clearly Magistrate Moorer did not follow this fundamental application to the case at bar.

The United States Court of Appeals for the Eleventh Circuit has made this point even clearer by announcing that it is appropriate to consider the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied. The preliminary inquiry at the class certification stage may require the court to resolve disputes going to the factual setting of the case, and such disputes may overlap the merits of the case. Such disputes may be resolved only insofar as resolution is necessary to determine the nature of the evidence that would be sufficient, if the plaintiff's general allegations were true, to make out a prima facie case for the class.

A bedrock requirement running through the Fed.R.Civ.P. 23(a) framework is that class certification is appropriate when one or more class representatives actually belong to the proposed class, as herein, clearly White met that fundamental threshold.

As the United States Supreme Court has explained in the context of a Fed.R.Civ.P. 23(a)(4) adequacy of representation discussion, a class representative must be part of the class in order for that element to be satisfied. This principle is consistent with long-standing caselaw providing that Rule 23(a)(4) demands that a class representative possess the same interest and suffer the same injury as the class members.

The notion that a class representative cannot represent a class to which he does not belong is implicit in the commonality and typicality requirements of Fed.R.Civ.P. 23(a)(2) and (3); indeed, commonality and typicality tend to merge with the adequacy-of-representation factor because all examine whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.

Commonality, typicality and adequacy tend to overlap and intertwine such that they may be collectively referred to as the "nexus requirement."

Courts have interpreted both Fed.R.Civ.P. 23(a)(3) and 23(a)(4) as requiring that class representatives' interests be coextensive with those of the class. Simply put, there can be no legally sufficient nexus between individual and shared claims if the purported class representative is not even a member of the class that he purports to represent, thereby undermining adequacy of representation (Rule 23(a)(4)) and typicality (Rule 23(a)(3)) because the named plaintiff's interests are not aligned with those of the class.

10

Obviously, White left nothing for the Magistrate's imagination –to either formulate arguments, nor to have gleaned potential arguments for the class, nor White or otherwise to have to mauled over extensive materials before him to have properly discerned that certification was in fact justified.     The initial threshold burden was met by White, White specifically defined the particular group, the class being injured, harmed by certain, specific overt act(s), action(s) and flagrant omission(s) by the limited number of Defendants –during the statutory window of §1983's limitations, inclusive to, the time and in what particular mannerism said named Defendants were violating White's federally protected rights –for Magistrate Moorer's objective determination.

White asserted "question(s) of law and fact(s)" before Magistrate Moorer, that remain common throughout the class of proposed inmates requesting certification, in that such predominated over a[ny] questions affecting only a[ny] other individual member whereas class action is superior to a[ny] other available method given the totality of the circumstances before this District Judge, for a[ny] fair and effective adjudication to bring forth comity to the live controversy, before it under the vein of both _Wilkinson, and Greenholtz_.

The evidence presented, although varying from member to member –it proposed an individual question –sufficient for each member to have made a prima facie showing of commonality to Magistrate Moorer, enough to review, remand back for proper certification by the District Judge, as requested.

White now, respectfully requests that this District Judge do a case-specific analysis to properly ascertain whether vel non predominance existed, primarily because no bright line rule exists to have determined the proper predomination as to commonality by the Magistrate in this Court, in accord with this Circuits holdings. Because no *precise test* can determine whether vel non *common issues predominate* this Court must pragmatically assess the entire actions and issues involved to make a Rule 23(b)(3) determination which was not done by Magistrate Moorer –with all due respects to the heavy load upon said judges.

The Evidentiary Standard towards Establishing Standing at the Class Certification Stage by this Circuit holds "The amount of proof required to establish standing varies depending on the stage of the litigation at which the standing issue arises." *In re Polypropylene Carpet Antitrust Litig.*, 178 F.R.D. 603, 609 (N.D. Ga. 1997) (citing *Lujan*, 504 U.S. at 561 ). "At the motion to dismiss stage, the party seeking standing may rely on the facts alleged in the complaint, whereas at the summary judgment stage, the party must adduce evidence sufficient to create a question of fact on the standing issue." *Id.* (citing *Lujan*, 504 U.S. at 561.) "The class certification stage is a hybrid of these two stages, in that the court looks beyond the pleadings but does not inquire into the merits of the case." *Id.* (citing *General Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 160, 72 L. Ed. 2d 740, 102 S. Ct. 2364 (1982)).

"The Court therefore will examine the evidence necessary to resolve the standing issue, viewing the evidence in a light most favorable to Plaintiffs." *In re Polypropylene Carpet*, 178 F.R.D. at 609. Using this evidentiary standard, the Court then, can, as was not done herein in White's case properly evaluate each of Plaintiffs' claims to determine whether "'at least one named plaintiff has suffered the injury that gives rise to that claim,'" *Prado-Steiman*, 221 F.3d at 1280 (quoting *Griffin*, 823 F.2d at 1483), that substantive process was not granted the class, nor White at the critical stage, thus imputing prejudice and denial of federalism to the civil action deprivations suffered by not only White but the other inmates named above.

White ends with stating that joinder for class certification purposes was appropriate because all of the plaintiff class's claims "arose out of a series of transactions or occurrences initiated by [the Alabama Pardon & Paroles] and that all of the claims involved the same question of law or fact."     Similarly, in the instant case, all of White's claims arose out of a series of transactions or occurrences that have a question of law or fact common to all named Defendants, as do the other inmates requested be joined, or classed for review by this Court.     The series of transactions that have a common question of law or fact are the series of statutory contacts and subsequent violations arising between the Defendants and White, and that, the Defendants were to have performed "constitutional consideration" governed by State law in part by a common entity of said named Defendants, for both a fair, and unprejudical parole

consideration –which was denied White, and is current denying the other named plaintiffs. The series of occurrences that have a common question of law or fact are the alleged events took place at a common locale of the Parole Board headquarters in Montgomery which is the Defendants property, involving flagrant, and unconstitutionality of White's parole consideration, as well as the other five (5) named Plaintiffs whom requested protection.

White's claims arose out of a series of transactions and occurrences involving a common entity the Parole Board Defendants, M. Shehane (VOCAL), and Mrs. Harris (ADOC agent) inclusive to Governor Riley and General Kings involvements –politically speaking, because they have direct contact with the certain specific named Parole Board Defendants, and those whom violated White's opportunity to have had a fair consideration for proper parole review, under the laws, rules governing parole review at the time of his conviction / sentence commonly referred to as the 640-X's.

Wherefore premises shown, Plaintiff White prays, in the form of relief, that this Court would (i) Vacate the magistrate's ORDER denying Plaintiff White's Joinder or in the Alternative Class Certification (ii) grant permission to Plaintiff White, Defendants to file a[ny] Memorandum's necessary to accord proper Rule 23 consideration –given the totality of egregious circumstances herein (iii) thus issuing the necessary ORDER allowing Plaintiff White, and other inmates, as well as Defendants to "brief" before this Court, as justice demands and / or (iv) such other as this District Judge deems warranted.

Done so this February 4th, 2008.

Respectfully submitted,

*/Willie Lee White*

Willie Lee White #140147
Limestone C.F. * B-Dorm
28779 Nick Davis Road
Harvest, Alabama 35749-7009

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have filed this day, and placed said same instant motion in the U.S. mailbox properly addressed to Honorable Debra Hackett, P.O. Box 711, Montgomery, Alabama 36101-0711, and furthermore served copies upon the following parties by placing said same into the United States Mail, postage prepaid and properly addressed as follows:

Counsel for Defendants B. Riley, and T. King.
C/O Honorable J. Matt Bledsoe (BLE006)
Office of Attorney Generals Office
11 South Union Street
Montgomery, Alabama 36130

The Alabama Board of Pardon & Paroles et. al.,
Defendants S. Williams, V. Weatherly and R. Longshore
C/O 301 South Ripley Street
Montgomery, Alabama 36130

Counsel for the Alabama Dept. of Corrections
C/O General Counsel / Legal Division
Post Office Box 301501
Montgomery, Alabama 36130-1501

and

15

M. Shehane, VOCAL
Alabama State Capitol
Montgomery, Alabama 36130


Done so this February 4th 2008.

Respectfully submitted,

X Willie L White

Willie Lee White #140147
Limestone C.F. * B-Dorm
28779 Nick Davis Road
Harvest, Alabama 35749-7009

16



HUNTSVILLE AL 358

2008

HUNTSVILLE AL 358

White, Willie Lee # 140147
Limestone Corr. Facility E-Dorm
28779 Nick Davis Road
Harvest, Alabama
35749-7009

2:07-CV-1080-MHT

United States District Court
Attention Honorable D. Hackett
Post Office Box 711
Montgomery, Alabama
36130-0711