7003-1010-0001-7104-4865

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

Willie Lee White, #140147

        Plaintiff,

Vs.

                            **2:07-CV-1080-MHT**

                  *

Alabama Pardon & Paroles et. al.,  *

        Defendants.        *

## REQUEST FOR DISCOVERY / PRODUCTION FOR DOCUMENTS
## PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES

PLAINTIFF Willie Lee White (hereinafter "WHITE") moves this Honorable Court to **GRANT** the above styled motion, pursuant to Fed.R.Civ.P., Rules 26, 33, 34, and 36; in conjunction with attached Rule 56(f) motion, supporting attached Affidavit, as follows:

§ 1.    White avers that this court ORDERED Defendant on January 29th, 2008 to undertake a review of the subject matter of the Complaint a) ascertain the relevant facts and circumstances; b) to consider whether any action should be taken by prison officials to resolve the subject matter of the complaint; and c) to determine whether other similar complaints, whether pending in this Court or elsewhere, should be considered together.

**The report must contain the sworn statements of all persons having personal knowledge of the subject matter of the complaint."** Since White never received anything other than a mere

1

7003-1010-0001-7104-4865

shotgun styled answer, White is left to attempt to preserve said action and pray that this Court would allow DISCOVERY, thence allow White to reply to Defendants answer / report.

Saying such, White asserts prior to filing the court ordered Reply / Response, that "DISCOVERY is now a juridical necessity primarily because counsel for Defendants object, deny without any evidentiary support whatsoever, prejudicing White from effectuating -properly formulating a Reply / Response to this civil action, absent limited discovery.

Nonetheless, as the moving party the Defendants have wholly failed to meet their initial burden, under the strictures of Federal Rules of Civil Procedure, and the holdings in *Celotex v. Catrett*, [477 U.S. 317] 1986)("a defending party moving for summary judgment discharges its burden of 'showing initially the absence of a genuine issue concerning any material fact.'").

White asserts that the Defendants have yet to meet that initial burden, as a matter of record, though perhaps through an advertence or a blessing to White, Defendants have partially admitted some of White's elements, but further discovery should finish disclosing sufficient documentary evidence for White's Reply / Response, now without "*waving any and all other objections to said Answer*," until discovery; it must be pointed out that Defendants mere made conclusory allegations and failed to support said claims, with any evidentiary materials. White never once argued, nor attempted to present to this Court as an inmate under

2

7003-1010-0001-7104-4865

Alabama law, that he was deprived of **"liberty without due process"**
White well knows, as does this Court that under Alabama law
inmates have no liberty interest in the grant or denial of parole.
Counsel is attempting to *disingenuously* steer the true argument
down a beaten path which has never been successfully litigated in
Alabama, under State law and White has no intent of traveling that
ill spirited road with Counsel since that's not the issue at hand.

Nowhere can this Court, nor counsel "find in White's three
(3) succinct claims," that White or any other plaintiff in this
suit -complained of, ensuing, a denial of parole down a *liberty*
*interest* vein whether under the due process clause or the equal
protection clause -to the extent that *liberty* is challenged, once
again Counsel is dishonest with the Court, and White.

Secondly, Counsel partially admitted, openly to this Court,
and Plaintiff that "*the Constitution does not require that*
*discretionary parole consideration process be **fair*** . . ." Id. at
State's Answer p. 2 ¶4. If such a statement is true that the
Board's process does not have to be **fair** then not only has Counsel
openly admitted albeit partially one of White's elements for
relief sought, -this Court too can likewise juridically speaking
"*take judicial notice of said* fact" and sufficiently move towards
taking a closer look at the Board's process of being at least
"*fair*" when, how it reviews Alabama inmates as-applied to White
weather its our *eligibility* or *consideration* coming into the 21st.
Century -which White strenuously challenges the Boards flagrant

3

process, however given Counsel assertion that "fairness has no place in Alabama's Constitutional parole consideration process," the same likened deprivation was most recently overturned in *Wilkinson v. Dotson*, 544 U.S. at 74 (2005) (challenging "*prospectively, the unfair parole policies*") -the due process complaint was quite unique, because as herein -it too, did not challenge the way the Board exercised its discretion; rather it alleged as does White herein, that the Board was actually not exercising its discretion at all. This instant case follows the same line of reasoning, that the United States Supreme Court found interesting enough to consider and changed Ohio's Parole Board procedures indistinguishable to the facts and circumstances as a whole which arguably demonstrate Alabama's Parole Board procedures are illegal at best -the statistical trends, and recurring pretextual "*reasons*" for denials and common threads of reliance solely upon the crime [versus Alabama's 640-X guidelines inclusive to title §15-22-20 through §15-22-40] are not in accord with statutory criteria, a single denial "*does not a policy make*," it takes a group attack as requested herein your Honor to gain the juridical eye of Federal Court comity in road with *Wilkinson v. Dotson*, supra.

The basic tenet established above now graciously admitted by the Defendants has a fundamental substantive underpinning to White's three colorable claims, grounds for limited DISCOVERY.

4

7003-1010-0001-7104-4865

§ 2.       Since   the   Defendant's   serially   committed   perjury, collectively under attestation, and the record-proper proves at least one, if not more of White's initial elements "he was denied a *fair* consideration," and "overt act(s), actions occurred" it could very well be concluded that the Board members violated the Fourteenth Amendment of the U.S. Constitution as-applied to White, *inter alia*, the above few excerpts merit further review through the normal discovery process, in addition to the other relevant proportions   White   will   seek   through   limited   DISCOVERY,   see "*Plaintiff Whites' First Set of Interrogatories And Request For Admissions, For Production Of Documents To Defendants under Fed.R.Civ.P.*" enclosed, as attached –served.

Because the Defendant's have not proven, at first blush –that White cannot prove the elements of a[ny] claim and the Defendants have not shown this Court within the confines of this Circuits holdings where, if any that, as the nonmovant White cannot prove a genuine issue of material fact, as to any evidence at issue, therefore the burden has not shifted.

§ 3.       Therefore *Celotex*, then, narrowly limits its facts of a movant, whom must meet the initial burden by motion specifically identifying and pointing out to the court that "White's pleading' on file, contain no proof concerning an issue on which, as the nonmovant will bear the burden of proof at trial." This holding in *Celotex*, coupled with Counsel's failures to adhere to the Court

7003-1010-0001-7104-4865

previous instructions –should if nothing else, suffice to allow at least the obedient one –that is White time for proper Affidavits.

§ 4.    In closing briefly, without waiving any formidable reply to Defendant's Answer absent full compliance with as Court ordered on January 29th, 2008 White cannot honestly without first being afforded limited discovery pursuant to Rule 26, Fed.R.Civ.P., reply before the this Court requires, or expects White to file any "Reply / Response."

§ 5.    White now requests an ORDER be issued *sua sponte* upon further consideration of this instant motion, and the attached DISCOVERY MOTIONS granting per se either a continuance, or a stay until and upon completion of limited discovery for White to properly manifest the strict proof as invited by Counsel, to both this Court and White as the nonmovant.

White would like very much for this Court to please, prior to review of this motion, if necessary review its January 29th, 2008 Order at page 2, ¶ 2, "[W]here Plaintiff's claim or Defendants' defenses relate to or involve the application of administrative rules, regulations or guidelines, the **written report shall include copies of all such applicable administrative rules, regulations or guidelines**." Id. "**In addressing the claims presented by Plaintiff, Defendants shall furnish copies of all documents, records and regulations relevant to Plaintiff's claims for relief**." Id.

Nowhere have the Defendants provided either this Court, or to the Plaintiff –White with a single shred of documentary evidence

7003-1010-0001-7104-4865

to discredit White's maintainable claims, that the Board followed State law, in accord with the regulations in effect at the time White was convicted / sentenced in 1992 -Counsel merely shrugged off obeying this Court's ORDER (02/29/08) whereas this Court utilized mandatory substantive language, i.e., **"must" "shall"** contain, include copies, documents record, regulation et. seq., but Counsel wholly failed to honor this Courts authoritative power to its advantage [?].

White respectfully requests, and asserts he does not wish, desire to abandon, waive or dismiss replying to Defendants "boiler-plated answer" but DESIRES, REQUESTS that this Court allow White to first utilize an effective civil tool to bring out the truth of the matter -at hand.

§ 6.     Issue an ORDER allowing White to receive DISCOVEY in the form of: (1) Interrogatories, pursuant to Rule 33, Fed.R.Civ.P., (2) Request for Admissions, pursuant to Rule 36, Fed.R.Civ.P., and (3) Request for Production of Documents pursuant to Rule 34, Fed.R.Civ.P., for the inspection, viewing of the above requested records, recordings, tapes, notes, memoranda of White's March 2006 parole hearing, inclusive to the "*documents*," remaining at large at present.

§ 7.     Issue an ORDER to Defendant's to forward any and all copies of memoranda between Defendants Wynn, Weatherly and Longshore, and ADOC Classification specialist Harris, or a[ny] agents, employees involved in, prior to and including the 2006

7

hearing; inclusive to disclosing whom the Defendants are attempting to shift the blame upon, since Counsel is attempting to utilize it as a defense.

§ 8.      Issue an ORDER to the Defendants for production upon White, for inspection, copying, testing and examination of the following:

- a.   Any written or recorded statements made by Defendants to any subordinates, or its agents thereof, or to White's family members;
- b.   To disclose the substance of any oral, written statements made by Defendants before and after White's post-deprivation denial of parole as first filed to its subordinates for proper remedial address, correction;
- c.   Any written, recorded statements made by any co-defendant or accomplices made before or after White's post-deprivation parole denial as first filed to said agency or agents thereof;
- d.   To disclose the substance of, any oral, written statements made by any co-defendant or accomplices made before or after White's post-deprivation denial of parole in accordance with State law, rules or regulations (640-x's);
- e.   To permit White to analyze, inspect, and copy or photograph books, papers, documents, photographs, tangible objects, buildings, rooms or places or portions of any of these things in any way material to the preparation of prosecuting this action, answering Defendant's summary judgment under Rule 56, Fed.R.Civ.P;
- f.   To disclose any material evidence submitted to subordinates, agents, employees thereof, such as reports, recordings, tapes notes of the 2005 hearing memoranda concerning this action;
- g.   To disclose any and all inculpatory materials, items, reports, evidence, statements, including statements of witnesses, reports, identities of witnesses, addresses of such, any other physical evidence, stenographic tapes, notes, recordings and any other evidence, whether described herein or not, which is inculpatory evidence of any type, form or fashion;

8

h.   Copies of any and all reports, tapes, recordings and memoranda connected with allegations against defendants, co-defendants or accomplices, in accord with State law, and discovery;

i.   Names, addresses, telephone numbers, general whereabouts of all witnesses to be called upon by White, in the above styled civil action, for Interrogatories, Request for Admissions, or Production of Documents relating specifically to this action;

j.   Statements of any and all persons including memoranda, summaries or recordings, video tapes, audio tapes, recordings of Defendants acts, actions, omissions or written statements of any and all persons, or Defendants subordinates relating to the specific violations, made by White;

k.   All memoranda, documents and reports presented, offered, submitted by defendant's to one-another its subordinates, agents thereof, connected with the specific subject matter of the case referred to above as well as the name of any and all investigator's, agency or agent's thereof;

l.   Names and addresses of any and all memoranda, documents and reports presented, offered, submitted by defendant's to its subordinates, the Board its agents thereof, connected with the specific subject matter of the case(s) referred to above as well as the name of any and all investigator's, agents thereof;

m.   Names and addresses of any and all persons who may have some knowledge, information as to facts, evidence in the present case, action against the Defendant's;

n.   Full names, addresses of any and all persons who gave facts, information, data or otherwise evidence which served as a basis for any aspect of this case against these Defendant's.

o.   All reports, documents, letters, and memoranda which were a basis of the denial against White, for defendant's defense, affirmative pleading or otherwise qualified immunity theory;

p.   The records, reports, data concerning other grievances, complaints against Defendants, whether a list, computer readout, printout or summary reflecting actions against defendant's in the coarse of tenure of employment with the Board concerning *eligibility,* and *considerations* of parole reviews;

9

7003-1010-0001-7104-4865

q.   All relevant evidentiary documents (i.e., forms)
     as shown in the 640-X guidelines made mention of
     by White, utilized to deny parole, or the
     documents evidencing the prospective probability
     for the statement made that future parole
     consideration was at best highly [in]appropriate;

r.   A detailed description of the whereabouts of all
     the defendant's on the date, time said offense,
     actions arose, such as schedules, concerning
     statements made in Answer, but not limited to
     such, inclusive to statements, facts averred in
     Counsel's **unsupported** allegations they weren't
     involved;

s.   Reports, data, documents, computer readouts,
     summaries as to the inmates, similar likened White
     that are considered similarly situated -whom made
     parole in the month of March 2006;

t.   Copies, duplicates or records, data, information,
     reports concerning other inmates considered for
     discretionary parole on that date, concerning the
     averments against the Defendants;

u.   Any and all hand-written or typed notes, agendas,
     reports, reviews, working papers, books, charts,
     correspondence, memoranda, notices, studies,
     including but not limited to the above, as to how
     the Board arrives, or makes its predictions that
     inmates likened White have not changed, nor will
     change under the circumstances at hand.

§ 9.     White only request's limited DISCOVERY, as to the above

references, concerning the month of March 2006 dealing with the

specificities surrounding the violations at hand.

§ 10.    The aforesaid documents or items are in the possession

of the Board Defendant's or their Attorney's of record or

available to the Court, per se, through other favorable

litigations or arguably favorable to White's position of his

constitutional deprivations, should this Court require more strict

proof by plaintiff herein, to reply to Defendant's Answer that

7003-1010-0001-7104-4865

this Court stated would turn into a Rule 56 motion shortly thereinafter.

§ 11.    The documents, articles, tape recordings, *inter alia* as requested above are relevant, significant and constitute substantial material evidence and will be useful and necessary to White's case, to civilly prosecute these three succinct claims hereinafter, and a necessity as proof at a jury trial.

§ 12.    White cannot safely prosecute, defend these three issue, case against said above named defendant's, nor go to trial without the production of said ascribed documents and in their absence will be effectively denied fundamental due process of law as guaranteed by Amendment's I, V, VII of the Constitution of the United States of America made applicable to the States through the XIV §1 to the Constitution of the United States Constitution; and herein pursuant to the Civil Rights Act, § 1983 et. seq.

§ 13.    White fully incorporates as same herein, the **"definitions, instructions,"** set forth thereof in the attached Interrogatories, Request For Admissions in Section I, ¶¶ 1 through 6; and Section II, ¶ 7 subsections (a) through (q).

Without the production of the documents and items referred to above, White will not be able to effectively prosecute this civil action in the above-styled case and thus, White will be denied his rights to seek redress for clearly established Federal rights being abridged, grossly violated by Defendants, and cannot without

7003-1010-0001-7104-4865

such DISCOVERY effectuate a reply, response to the Defendants
boiler-plated answer at this early juncture.

§ 14.    This motion, inclusive to attached Interrogatories,
Request for Admissions, remain made under the authority of Rule
26, Federal Rules of Civil Procedure.

Further, said production must be without delay so as to allow
White with adequate time for preparation to essentially respond to
Defendant's request for summary judgment in its favor as relief in
their Answer, absent the DISCOVERY production resulting in a[ny]
denial, would chill White's Constitutional rights to redress the
civil deprivation, due process of law and White's right to a jury
trial, now warranted.

WHEREFORE, White prays for the following relief:

a. That the Defendants be required to produce all
   documents and all other evidence referred to above
   promptly.

b. Without waiving the right to have White examine,
   retrieve, copy said documents, articles, items,
   recordings, notes, forms, *inter alia*; this Court
   would be chilling the force, effect of discovery as a
   tool in civil actions.

c. Permitting White to be present, from the above, for
   this Courts learned eye, either the stenographic
   tapes, recordings, *inter alia*, of the March 2006
   parole hearing would bring forth Federal comity in

12

accord with §1983 DISCOVERY, *inter alia*, which then this Court can better make its determinations favorable to White's position answering from proof the questions challenged as to the Defendants guilt or innocence or for the purposes of imputing fundamental truths, equipping White with the "documents" to properly reply -respond to Defendants week answer, inclusive to preserving evidentiary materials for the prospect of White's jury trial, or in the alternative limited DISCOVERY will bring about closure -concession from the Defendants providing prospective protections for, from arbitrary and capricious acts, actions or outright flagrant omissions of State law working in harmony within the strictures, confines of Federal Rules of Civil Procedures.

d. That if any part of said documentary evidence is not made available to White, this Court, by Defendants hereinafter promptly or a time certain as set forth by this Court, and in any event prior to a summary judgment ruling be afforded Defendant's heretofore absent such DISCOVERY, or in any event prior to commencement of tentative jury trial, White then respectfully moves, without waiving the right to production of said evidentiary materials, prior to

either: (1) summary judgment, (2) jury trial or (3) Interrogatories, Request for Admissions, and Production of documents, *inter alia*, that said action be set for pre-conference for resolution, or stay proceedings until full compliance with DISCOVERY has been accorded White.

e. Without waiving the foregoing, White requests that an exact copy be made of each document, article, item, recording tape of 03/07/06 hearing as provided White –be provided this Court and that said same be sealed and included in the record of this case for the purpose of insuring effective review of this Court's denial of White's request for disclosure, inclusive to never being afforded proper notification by this Court's clerk, that defendant's were in fact served with *"waiver of service, and execution of complaint,"* absent White's knowledge until White received Defendants Answer.

f. That the duty of the Defendants to disclose pursuant to this motion be considered as continuing up and until and through, either adjudication of summary judgment, or trial and post-judgment proceedings.

7003-1010-0001-7104-4865

WHEREFORE PREMISES SHOWN, White prays that this Court would **GRANT** this request for Production of Documents, and issue the necessitating ORDER to accommodate judicial comity.

Done so this ⎷ 8th day of ⎷March, 2008.

Respectfully Submitted,

x Willie Lee White

WILLIE LEE WHITE
Pro se   #140147
LIMESTONE     FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA
35749-7009

7003-1010-0001-7104-4865

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have served a true and correct copy of the DISCOVERY motion upon said Defendants, placing said same in the United States Mail, properly addressed, postage prepaid by means of Certified Mail, Receipt Requested, upon delivery, service to invoke the time certain for answering, as follows:

1)    Defendants Wynn, Weatherly, Longshore et. al.,
      C/O Chief Counsel Honorable Hugh Davis
      Attorney for Alabama Pardon & Paroles
      301 South Ripley Street
      Post Office Box #302405
      Montgomery, Alabama 36130

2)    M. Shehane, VOCAL
      Alabama State Capitol
      Montgomery, Alabama 36130

3)    Counsel for Defendants B. Riley, and T. King
      C/O Honorable J. Matt Bledsoe (BLE006)
      Office of Attorney Generals Office
      11 South Union Street
      Montgomery, Alabama 36130

Done so this 8th day of March, 2008.

Respectfully Submitted,

WILLIE LEE WHITE,
Pro -se # 140147
LIMESTONE       FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA
35749-7009

16



WILLIE WHITE,#140147
LIMESTONE CORRECTIONAL FACILITY
28779 NICK DAVIS ROAD DORM- C
HARVEST, ALABAMA 35749-7009

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O.BOX 711
MONTGOMERY, ALABAMA. 36101-0711

**LEGAL MAIL
CORRESPONDENCE**

This correspondence is forwarded from
an Alabama State Prison. The contents
have not been evaluated, and the Alabama