IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Willie Lee White, #140147           *

       Plaintiff               *

Vs.                                 *        2:07-CV-1080-MHT

Alabama Pardon & Paroles et. al.,   *

       Defendants.             *

### MOTION FOR CONTINUANCE / STAY PERMITTING PLAINTIFF TO CONTEST DEFENDANTS ANSWER

COMES NOW Willie Lee White (hereinafter "WHITE") and moves this Honorable Court to *GRANT* the above styled cause of action as follows:

§ 1.   Defendants have filed an ANSWER albeit -said ANSWER remains totally insufficient thereby White requests for a stay pending appropriate DISCOVERY, see attached motions inclusive to, but not limited White's attached AFFIDAVIT fully incorporating as same herein, in this instant motion adopting by specific references all motions filed, under attestation.

§ 2.   White maintains -asserts that under Federal Rules of Civil Procedure, Rule 56(f), to permit White to counter Defendants answer by means of sufficient documentary evidence, affidavits opposing Counsel's "shot-gun" styled answer.

Plaintiff White asserts, it appears from the answer, without waiving his right to redress said answer at the appropriate time,

after DISCOVERY, that White cannot effectuate by Affidavit essential facts underlying justification, absent limited discovery process being first afford White to oppose Defendants answer under Rule 56(f), Fed.R.Civ.P. "Subsection (f) allows a party who has no specific material contradicting his adversary's presentation to survive a summary judgment motion if he presents valid reasons justifying his failure of proof." *Wallace v. Brownell Pontiac-GMC Co.*, 703 F.2d 525, 527 (11th Cir. 1983) (internal citation and quotations omitted)).

In compliance with, said permission under this rule, White supplies this Court, as well as Defendants ample opportunity to review the attached DISCOVERY motions that such are in fact, within he ambience of said rules, thus permitting the White the nonmovant herein, opportunity to rebut the Defendants ANSWER just received. Previously, this Court relied upon the Eleventh Circuit precedent of *Snook v. Trust Co. of Georgia Bank, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988), wherein the court said:

> "The party opposing a motion for summary judgment has a right to challenge submitted motions by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits, responses . . . If documents or other discovery sought would be relevant to the issues present by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials." *Id*.

Additionally, noted in the Eleventh Circuit, it stated that summary judgment should not generally be granted until the party

2

opposing the motion has had an adequate opportunity for discovery. *See Littlejohn v. Shell Oil Co.*, 483 F.2d 1140, 1145 (11th Cir. 1973) (noting the high fatality rate of summary judgment dispositions at a time before the facts have been fully developed).

§ 3.     White specifically maintains -asserts that postponement of a[ny] ruling in favor of Defendants, at this stage will enable White by lawful means to effectuate the other necessary elements to rebut, with strict proof Defendants unsupported allegations in their ANSWER, despite the fact that as the movant's the Defendants did not meet their initial burden by pointing this Court, or White to were his claims came up short -or better put a[ny] "absence of a genuine issue of fact," a necessary concomitance with both his Circuits holdings, and the rules governing said procedures, see *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843-44 (11th Cir. 1989) (citations omitted).

The legal standard and analysis necessary to afford White fundamental fairness is because Defendants appear to demand their entitlement to relief based upon on their unsupported version of events rather than on the facts sworn in White complaint, thus as the plaintiff -White should be allowed to fully develop the full scope of his claims, based upon the profound effects the act(s), action(s) and outright flagrant omission(s) White, and the other

inmates have alleged against the Board Defendants, although their current exists "*evidence pointing to the existence of genuine issues of material facts*," White will be in far greater shape to present them "one time" after DISCOVERY.

In the interest of Federal comity, in accord with the spirit of liberality, White sets out most, if not all the substantive reason(s) in the attached, coupled *Affidavit* supporting both the grant of this instant motion, and permission for limited discovery. See *Wallace v. Brownell Pontiac GMAC Co.*, 703 F.2d 525, 527 (11th. Cir. 1983)(quotations omitted).

WHEREFORE PREMISES SHOWN, White prays that this Court would respectfully stay any response by White until, and after DISCOVERY is fully completed as clearly articulated in the AFFIDAVIT supporting this motion, inclusive to the White 1st Set Of Interrogatories, Admissions, Requests, and Production of documents et. seq. hereinafter coupled with this motion, served upon Defendants by certified mail.[1] Any such other relief that this Honorable Court deems sufficient being that Defendants answer remains wholly inapposite to this Courts December 6th, 2007

---

[1] White asserts that the Certification Card Number hereinafter ascribed #7003-1010-0001-7104-4865 was placed upon the CONTINUANCE / STAY motion, and has likewise been properly placed into the Department of Corrections mail service, on the above cited date, and also utilizing the United States Postal Service tracking, monitoring and receiving system, to assure time sequences for defendant's Answer, Replies, Admissions in accordance with DISCOVERY requests, pursuant to Federal Rules of Civil Procedures, Rules 26, 33, 34 and 36.

Order —which did not attach the **"copies of all documents, records and regulations relevant to Plaintiff's claims for relief,"** Id. Primary cause for discovery now.

Done so this 8th day of March, 2008.

Respectfully submitted,

/s/ Willie Lee White
WILLIE LEE WHITE, #140147
Limestone C. F
Harvest, Ala. 35749-7009

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a true and correct copy of the CONTINUANCE / STAY upon the Defendants by placing said same in the United States mail, properly addressed, postage prepaid as follows:

1.  Defendants Williams (Wynn), Weatherly, Longshore et. al.,
    C/O Chief Counsel Honorable Hugh Davis
    Attorney for Alabama Pardon & Paroles
    301 South Ripley Street
    Post Office Box #302405
    Montgomery, Alabama 36130

2)  M. Shehane, VOCAL
    Alabama State Capitol
    Montgomery, Alabama 36130

3)  Counsel for Defendants B. Riley, and T. King
    C/O Honorable J. Matt Bledsoe (BLE006)
    Office of Attorney Generals Office
    11 South Union Street
    Montgomery, Alabama 36130

Done so this 8th day of March, 2008.

Respectfully submitted,

/s/ Willie Lee White
WILLIE LEE WHITE #140147

7003-1010-0001-7104-4865

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Willie Lee White, #140147 | * |
| Plaintiff, | * |
| Vs. | *   2:07-CV-1080-MHT |
| Alabama Pardon & Paroles et. al., | * |
| Defendants. | * |

### AFFIDAVIT OF WILLIE LEE WHITE
### IN SUPPORT OF RULE 56(f) MOTION

**STATE OF ALABAMA**   :

**LIMESTONE COUNTY**   :

Before me, the undersigned authority did appear one Willie Lee White, #140147 whom did depose and state under the penalty of perjury the foregoing attestations:

1) My name is Willie Lee White, I am an incarcerated convict at Limestone Correctional Facility, I am over the age of nineteen (19) years and remain competent to execute this affidavit, which is based upon both, personal and first hand knowledge of facts surrounding the §1983 Complaint, and subsequent events thereinafter giving rise to maintain, prosecute these Defendants.

2) I am acting in pro per, and have since the inception of said complaint, and will remain as such at all times relevant hereinafter, until this Court ORDERS otherwise, per se such as representation of, for class certification by learned Counsel.

1

7003-1010-0001-7104-4865

3) I sued Defendant's Wynn, Weatherly and Longshore, and Defendant Edna Harris (hereinafter "ADOC classification specialist) in their specific capacities, for both "*declaratory and prospective injunctive relief*" (No damages sought) while said parties were acting under color of state law, because of violations of Constitutional rights being usurped which a reasonable person would have known not to have subject me to.

4. I assert, aver that the specific Interrogatories at pp. 9 – 13 under §§1 -17 in the attached 1st Set Of I & I's relate to proving my claims, elements underlining the three (3) succinct violations of Constitutional federally protected rights, subsequently reviewable and under scrutiny by the terms, definition, confines of §1983 strictures, which have been flagrantly usurped by the above named Defendants, and others yet approved to prosecute.

5. I assert, aver that the specific Admission, at pp. 13 -17, §§18 -34 in the attached 1st Of Admissions relate to proving my claims, elements underlining the three (3) succinct violations of Constitutional federally protected rights, subsequently reviewable and under scrutiny by the terms, definition, confines of §1983 strictures, which have been flagrantly usurped by the above named Defendants, and others yet approved to prosecute.

6. I have reviewed the Defendant's Answer, absent the Court ORDERED **"written report"** in this matter, I have personal, first

2

hand knowledge of the facts surrounding Defendant's unsupported probability of events which remain in contradiction to the record proper, transcripts, or tape recordings to which White overall objects but cannot at this juncture specifically point this Magistrate too, for a[ny] appropriate determination because Defendants failed to afford both this Court, and White with said specific "*documents*" in their answer -inapposite to this Courts January 29th, 2008 ORDER otherwise, White will now attempt to secure said documents, records within the strictures of permissible limited DISCOVERY for the most part, due to limited perjury to this Court, by Defendants in their first real answer.

7. I adopt by specific reference, in toto, the coupled DISCOVERY motions, and request for PRODUCTION of DOCUMENTS enclosed and fully incorporated hereinafter as same therein, for purpose of brevity, supporting the attached Rule 56(f) motion.

8. Absent the Defendants submitting to this Courts January 29th, 2008 ORDER stating in pertinent part, at page 1, ¶ 2, "A written report be filed with the court and a copy served upon Plaintiff within forty (40) days of the date of this order. **The report _must_ contain the _sworn statements of all person having knowledge of the subject matter of the complaint. In these statements, the defendants must address the plaintiff's claim that he has been denied parole to his race_**. . . . Where the Plaintiff's claims or defendants' defenses relate to or involve the

3

7003-1010-0001-7104-4865

application of administrative rules, regulations or guidelines the written report **shall** include copies of all such applicable administrative rules, regulations or guidelines. **In addressing the claims presented by Plaintiff, Defendants shall furnish copies of all documents, records and regulations relevant to Plaintiffs claims for relief.**" Id. at this Courts ORDER, supra, White cannot properly "yet Reply / Respond" to contradict Defendants story.

9. As maintained, and specifically adopted by the Magistrate's own language in the ORDER (02/29/08) stated: "The Magistrate Judge has reviewed the complaint, as amended, and determined this pleading cannot be properly and effectively processed **by the court without further information from the defendants named in the complaint**." Id. Absent disclosure from Defendants –White is unable to formulate a legal Reply / Response with Affidavit's to contradict Defendants' answer currently before this Court without first being **granted** limited DISCOVERY, as requested.

Sworn to and Subscribed heretofore this _18th_ day of _March_, 2008.

[ S E A L ]

_____          _____
NOTARY PUBLIC, AT LARGE:           WILLIE LEE WHITE, #14014
                                   28779 NICK DAVIS ROAD
                                   HARVEST, ALABAMA 35749

Commission Expires: _9-26-11_

4