IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **WILLIE LEE WHITE, #140147,** | * | |
| **Plaintiff,** | * | |
| v. | * | CV 2:07-CV-1080-MHT |
| **ALABAMA BOARD OF PARDONS AND PAROLES, et al.,** | * | |
| **Defendants.** | * | |

## VOCAL'S RESPONSE TO THE COURT'S ORDER OF APRIL 15, 2008

COMES NOW VOCAL, by and through counsel, and in response to the Court's Order dated April 15, 2008, submits the following with regard to the Plaintiff's allegation that VOCAL and/or Miriam Shehane conspired with State officials to effect the denial of the Plaintiff's parole as follows:

1. The undersigned has carefully consulted with Miriam Shehane at VOCAL in Montgomery, Alabama. Miriam Shehane does represent VOCAL in some parole hearings. VOCAL does not participate in all parole hearings.

2. The Plaintiff, Willie Lee White, no. 140147, is unknown to Ms. Shehane. Ms. Shehane has searched the files of VOCAL and VOCAL does not have a file that relates to Willie Lee White. VOCAL maintains files with certain information, including information on individuals who have been convicted and sentenced for violent crimes. VOCAL does not have a file on Willie Lee White. It is VOCAL's practice to make and keep a file on every individual convicted felon with respect to whom VOCAL testifies at parole hearings. Mrs. Shehane has no recollection of appearing in or testifying at any parole hearing with

1

regard to this Plaintiff.

3. Mrs. Shehane, in attending certain parole hearings, does sometimes give testimony on behalf of victims or victims' families with regard to the specific facts of a particular case. Mrs. Shehane does not testify at all hearings where parole is being considered for a person convicted of a violent crime. If the victim or the victim's family has requested that Mrs. Shehane give testimony in the course of VOCAL's assistance of the victim or the victim's family, then she will appear and give sworn testimony.

4. If Mrs. Shehane testifies, she always gives testimony under oath. Any person who testifies at these parole hearings gives testimony under oath. This is true for numerous and different law enforcement officers, including, without limitation, the Governor's Office and the Attorney General's Office. Further, the family, the preacher, friends and others with special knowledge of the individual being considered for parole are also allowed to testify under oath.

5. Mrs. Shehane did not have and has not had to the best of her recollection any involvement in any hearing that related to the Plaintiff in this case, Willie Lee White. Further, even if Mrs. Shehane had given testimony in a parole hearing of Willie Lee White, she would have done so for the victim or the victim's family, at their request, and not on behalf of any State agency or official. This includes the other Defendants in this case.

6. Neither Mrs. Shehane nor VOCAL have ever discussed Willie Lee White, no. 140147, with any State official to the best of her knowledge.

7. Neither Mrs. Shehane nor VOCAL have ever conspired with any State official or agency, including the officials or agencies sued in this case, to bring about any special or particular result in any parole hearing. Neither Mrs. Shehane nor VOCAL has any

agreement, plan or understanding with any State official or agency with respect to parole rulings as a whole or with respect to any parole hearing or ruling regarding Willie Lee White.

8.  Neither Mrs. Shehane nor VOCAL have ever conspired with anybody to produce a fraudulent, malicious or unfair result in any parole hearing.

9.  All testimony given by Mrs. Shehane in parole hearings is true and correct to the best of her knowledge.

10.  Undersigned counsel notes that the Plaintiff, Mr. White, filed an Amended Complaint in January 2008 and that on pages 14, 15 and 16, he addresses a question posed to him by the Court which question was as follows:

"2. Specifically describe how the Parole Board members conspired with non-members to effectuate the denial of his parole."

11.  In stating his position in this regard, Mr. White alleges that the Parole Board contacted Governor Riley's Office, Attorney General King's Office and Miriam Shehane (VOCAL) advising them of this hearing. It is unclear to the undersigned whether Mr. White claims that Mrs. Shehane gave testimony in his hearing, however, it is also apparent from the Amendment of the Plaintiff that his claim of conspiracy is that the Parole Board members, Williams, Longshore and Weatherly, conspired with the other Defendants to deny the Plaintiff proper and fair consideration by means of "(a) usurpation of legislative authority and in excess of lawful power, (b) it exceeded its jurisdictional function - governed by state law, (c) violated Federal constitutional mandates, (d) contravened the 14th Amendment of the U.S. Constitution, Alabama's Constitution and the Board Rules and Regulations". The Plaintiff also states that Governor Riley, Attorney General King and

Miriam Shehane have spoken on more than one occasion by way of T.V., radio and newspaper "against" those classified as violent offenders. Ostensibly, the Plaintiff contends that Mrs. Shehane has stated over T.V. or radio or by way of newspaper coverage that violent offenders should be denied parole. The Plaintiff contends that the Defendants do this for political reasons.

12.     Of course, neither Miriam Shehane nor VOCAL serve in public office and neither of them run for public office. If Mrs. Shehane has made statements that violent offenders should not receive parole through T.V., radio or newspapers, or through other means, then Mrs. Shehane and VOCAL would be entitled to say this as part of their First Amendment rights to free speech.

13.     Nevertheless, it appears from the pleading that the primary thrust of the Plaintiff's Complaint regarding the conspiracy is that it is "orchestrated" through the Board's pre-textual reasons to deny parole.

14.     Neither Mrs. Shehane nor VOCAL has any ability to control the rulings of the Parole Board. Neither Mrs. Shehane nor VOCAL has committed any intentional, malicious or fraudulent act with regard to any parole hearing or potential parolee. This is certainly true with regard to the Plaintiff in this case. Neither Mrs. Shehane nor VOCAL has engaged in any conspiracy with the Parole Board, its members, Governor Riley or Attorney General King with regard to paroles, generally, or Mr. White.

15.     In that a conspiracy cannot be and has not been shown in which Mrs. Shehane and/or VOCAL participated with any State Defendant, entity or individual, regarding the Plaintiff in this case and because Mrs. Shehane and VOCAL are private individuals or entities, a §1983 case cannot apply to these entities. *Phillips v. Mashburn,*

746 F.2d 782 C.A. (Ala 1984); *Pierce v. American General Finance, Inc.,* Slip Copy, 2007 WL 2254408 M.D. (Ala 2007).

WHEREFORE, Mrs. Shehane and VOCAL are entitled to dismissal with regard to all claims in this Complaint, and dismissal is hereby requested.

_____
H. E. Nix, Jr. (NIX007)
Counsel for Defendant VOCAL

Of Counsel:
Nix Holtsford Gilliland Higgins & Hitson, P.C.
P. O. Box 4128
Montgomery, AL 36103
334-215-8585
334-215-7101 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served on the following individual(s) either by email from the Court Clerk or by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this 23 day of April, 2008.

Willie Lee White, #140147
Limestone Correctional Facility
28779 Nick David Road
Harvest, AL 35749 -7009

Dana L. Pittman
Assistant Attorney General
AL Board Pardons and Paroles
P. O. Box 302405
Montgomery, AL 36130

_____
OF COUNSEL